## Breathitt County Board of Sup'rs et al. v. Ware Cannel Coal Co.

March 24, 1944.

Wilson, Assistant Attorney General, and Chat. Chancellor for appellants.

Grannis Bach for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—Reversing.

The appellee, Ware Cannel Coal Company, owned 1076 acres of land in Breathitt County which it failed to list for taxation as of July 1, 1942. The tax commissioner assessed the property at $7532 and no appeal was taken from his action. The board of supervisors neither raised nor lowered the assessed valuation, merely adopting the assessment of the tax commissioner, but the appellee appealed to the circuit court and the assessed valuation was reduced to $5380. The board of supervisors appeal from the circuit court judgment.

The appellee has made a motion to dismiss the appeal on the ground that the amount in controversy is less than $200, the amount required to give this court jurisdiction. The argument is that since the reduction in the assessed valuation was only $2152, on which the maximum tax for all purposes could be only $32.28, the latter sum is the amount in controversy. It is insisted that while KRS 133.120 authorizes an appeal to this

court from the judgment of the circuit court in such cases as this, that provision must be considered in connection with KRS 21.060 regulating the jurisdiction of this court.

Even if the correctness of the appellee's theory be conceded, we think this court has jurisdiction pursuant to KRS 21.060. Under that section this court has jurisdiction of appeals from judgments in civil cases, regardless of the amount in controversy, except where the judgment is for the recovery of money or personal property and except in other enumerated instances. The judgment appealed from here was not for the recovery of money or personal property but was one fixing the assessed valuation of property. While the amount of taxes ultimately involved is only $32.28, the action is not one for the recovery of money. The situation is analogous to an appeal from a judgment enjoining the collection of a judgment for less than $200. In such cases we have many times held that this court has jurisdiction although the amount ultimately involved was less than the amount required to give this court jurisdiction. Barnes v. Groves, 294 Ky. 824, 172 S. W. (2d) 650, and cases cited therein.

It is the contention of the appellant that the circuit court was without authority to entertain the appeal from the board of supervisors' valuation because there had been no appeal to the board from the assessment by the tax commissioner and no hearing of any kind by the board. The position seems to be well taken.

Chapter 131 of the Acts of 1942 materially changed existing laws as to assessment of property and taxation. That act was in effect on July 1, 1942, the assessing date in controversy. The major portion of the act appears in Chapters 132 and 133 of KRS. The act makes it the duty of owners of real estate to list it for taxation with the tax commissioner between July 1 and September 1 and provides that if the owner fails to list it the tax commissioner shall do so. KRS 132.220. No notice to the owner of the listing by the tax commissioner is required. It is only where the valuation by the owner is increased by the tax commissioner that notice must be given. KRS 132.450.

KRS 133.120 provides that a taxpayer may appeal to the board of supervisors from an assessment made by the tax commissioner and that an appeal may be

taken from the action of the board to the circuit court and thence to this court.

We think it is manifest from this section that no right of appeal lies to the circuit court where there was no hearing before the board of supervisors and that body merely accepted the assessment of the tax commissioner, from which no appeal was taken. To hold that appeal lies in these circumstances would be a holding, in effect, that there could be an appeal direct to the circuit court from the action of the tax commissioner, a procedure plainly not contemplated by the statute. A taxpayer aggrieved by the action of the tax commissioner must first appeal to the board of supervisors and, in the event he does not secure adequate relief, he may then appeal to the circuit court.

It is argued by the appellee that it could not appeal to the board of supervisors from the action of the tax commissioner because no notice was given to it of the tax commissioner's assessment and it knew nothing about that assessment. But, as indicated above, no notice of this assessment was necessary and the taxpayer is charged by law with notice of the assessment by the tax commissioner. Ample opportunity is afforded by the taxing act to the taxpayer to know the valuation fixed by the tax commissioner since KRS 133.045 provides that the tax roll shall be open for inspection from January 15 to February 1 in the tax commissioner's office. If the taxpayer fails to list his property, he is charged with knowledge that the tax commissioner will do so and, by an inspection of the tax roll, he may acquaint himself with the assessment made by the tax commissioner and appeal therefrom to the board of supervisors if he feels himself aggrieved. If he permits the board of supervisors to adopt the assessment of the tax commissioner without appeal by him, he may not then appeal to the circuit court. The statute regulating such appeals clearly does not contemplate an appeal to the circuit court when there has been no hearing of any kind before the board of supervisors. The circuit court was, therefore, without authority to reduce the assessment made by the tax commissioner and adopted by the board of supervisors.

The judgment is reversed with directions to dismiss the appeal.

Whole court sitting.