## Goodwin et al. v. City Of Louisville et al.

November 5, 1948.

As Modified on Denial of Rehearing

December 17, 1948.

Guy C. Shearer and Robert Bibb Hardison for appellants.

Samuel Steinfeld, County Attorney for appellees.

12 •

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

The appeal is from a judgment sustaining a special demurrer and dismissing a petition in equity on the ground of absence of jurisdiction since the statutory remedy is an appeal from orders of the Jefferson County Planning and Zoning Commission. The appellants, Robert H. Goodwin and wife, charge a violation and plead the protection of the due-process and equal-rights provisions of the Federal and State Constitutions. Const. U. S. Amend. 14, sec. 1; Const. Ky. secs. 3, 14. Those questions and others raised need not be considered, except as incidents, as the present inquiry is one of procedural remedy. We abridge the allegations of fact deemed necessary to a solution of that question.

The plaintiffs are the owners and occupants of residence property in Kenwood Village, outside the limits of Louisville, in a "B-1 Family Residence District." They state that prior to the enactment of the present zoning act, KRS 100.010 et seq., for the convenience of their family they had constructed and were maintaining in their back yard a swimming pool, about twenty by thirty feet, and that the same was "in compliance with all laws and regulations applicable to the territory in which said premises are situated," and since the enactment of the zoning statute, the structure has complied with the requirement of the statute and lawful regulations and orders of the Commission and its officials. Conformity with the stated pertinent provisions of the regulations and plans promulgated by the Commission is averred. It is further alleged:

"Before the passage of the Planning and Zoning Law in 1942, plaintiffs projected and had laid out an enlarged swimming pool in the rear or eastern end of his yard, comprising an area fifty feet in width and sixty feet long extending lengthwise across the rear of his lot, and had built up the walls of the proposed enlarged swimming pool to the surface of the ground, and had done some excavating in that area."

The plaintiffs further allege they had continued the construction of the previously begun enlarged swimming pool after the enactment of the statute and the func-

tioning of the Commission without hindrance or objection by the Commission and its officials to such a point that there had been created an unsightly and potentially dangerous excavation of the size of the enlarged pool. On March 15, 1947, the Commission, "claiming and asserting jurisdiction, power and official authority," had a notice served upon the plaintiffs to stop the work until a permit had been obtained. On June 13, 1947, Goodwin had been arrested on a warrant issued by a justice of the peace upon the charge of "violating section 100.075, KRS." He had executed bond for his appearance and the prosecution is "now pending." That section of the Statute makes it unlawful to "construct, reconstruct, alter, or change the use of any * * * structure used for trade, industry, or residence, or change the use of land * * * without first obtaining a zoning permit." The penalty for violation is from ten dollars to one hundred dollars fine or imprisonment for not exceeding twenty days, or both such fine and imprisonment. "Each and every day during which such violation continues shall be deemed a separate offense." KRS 100.990.

It is further charged in the petition that the defendants (including the County Attorney) are threatening to institute separate prosecutions against the plaintiffs for each day they continue in the construction or maintenance of the proposed swimming pool and subject them to the penalties of the Statute, and will do so unless enjoined. The petition contains many allegations of violation of specific constitutional and legal rights by such contemplated action on the part of the defendants.

Part of the relief prayed for is a judgment declaring that the application of the zoning laws to their project is unconstitutional and invalid, and that the continuance of the threatened prosecutions is an abuse of judicial process. The plaintiffs ask an injunction restraining the defendants from interfering with the completion of the swimming pool and instituting the criminal prosecutions.

The appellants justify their action in defying the law by failing to apply for a permit to continue the enlargement of their swimming pool by the view that the Commission and its agencies have no authority to interfere, and that by making the application they would be

thereby estopped from attacking the constitutionality of certain parts of the statute, and, particularly, from questioning its application to them and their property. They contend they have the right to resort directly to the courts.

The appellees contend that the ruling of the circuit court was proper since the plaintiffs had an adequate remedy at law, namely, the statutory provision that a party aggrieved by any official action or decision of the zoning enforcement officers may have a review by the Board of Adjustment and Appeals, thence, progressively, by appeal to the Circuit Court and the Court of Appeals from any adverse decision, order or ruling of the Board. KRS 100.079, 100.085, 100.970.

Orderly procedure in cases of public administrative law favors a preliminary sifting process, particularly with respect to matters within the competence of the administrative authority set up by a statute, as where the question demands the exercise of sound administrative discretion. 42 Am. Jur., Public Administrative Law, sec. 198. And where an administrative remedy is provided by the statute, relief must be sought from the administrative body and this remedy exhausted before the courts will take hold. The procedure usually is quite simple. Ordinarily the exhaustion of that remedy is a jurisdictional prerequisite to resort to the courts. Martin v. Board of Council of City of Danville, 275 Ky. 142, 120 S. W. 2d 761.

In the usual case, there has been an application made or hearing or determination by such authority, or its subordinate agency. That procedure has been followed in the several cases coming before us under the provisions of the zoning laws. And the right to an injunction or declaratory judgment in circumvention of a hearing and determination by similar administrative agencies has been denied because of the adequacy of the legal remedies through use of the statutory administrative processes, which are regarded as exclusive when the case is within their purview. See typical cases of City of Ashland v. Beckham, 271 Ky. 96, 111 S. W. 2d 575; Breathitt County Board of Supervisors v. Ware Cannel Coal Co., 297 Ky. 117, 179 S. W. 2d 225; Middleton's Adm'x v. Middleton, 297 Ky. 109, 179 S. W. 2d 227;

Black v. Utter, 300 Ky. 803, 190 S. W. 2d 541; Heyser v. Brown, 299 Ky. 82, 184 S. W. 2d 893.

But direct judicial relief is held available without exhaustion of administrative remedies where the statute is charged to be void on its face, or where the complaint raises an issue of jurisdiction as a mere legal question, not dependent upon disputed facts, so that an administrative denial of the relief sought would be clearly arbitrary. 42 Am. Jur., Public Administrative Law, sec. 200. The concept of the term jurisdiction embraces action, or contemplated action, by the body without power and in the given case, it is necessary for the judiciary to restrain the agency in order to prevent irreparable injury. 28 Am. Jur., Injunctions, sec. 186. In the leading case of Euclid v. Ambler Realty Co., 272 U. S. 365, 47 S. Ct. 114, 71 L. Ed. 303, 54 A. L. R. 1016, it was held that an attempt to exhaust the remedies provided in a zoning ordinance is not a prerequisite to a suit to enjoin its enforcement on the ground of its invalidity where the action of the zoning body operates to impair greatly or to destroy the marketability of property for certain purposes.

The Federal Court has construed the provisions of the Kentucky Statutes relating to administrative remedies as inapplicable to one suing for an injunction to restrain the Commissioner of Motor Transportation and others from interfering with the operation of an interstate bus line, the statute providing that it should have no application except insofar as the same may be permitted under the Constitution of the United States. Magnuson v. Kelly, D.C., 35 F. 2d 867. A similar decision is Reynolds v. United States, 292 U. S. 443, 54 S. Ct. 800, 78 L. Ed. 1353. Under undisputed facts, a veteran was as a matter of law entitled to hospital facilities and his pension without deduction. It was held that the Court of Claims had jurisdiction to entertain proceedings for determination of the question. The provision of the statute that it was within the sole authority of the Veterans Bureau was held inapplicable, for if timely application had been made to the Director of the Bureau, his refusal to order hospitalization would have been wholly without evidentiary support, clearly arbitrary and capricious, and would not have concluded the courts.

Though no question of initial jurisdiction of the court was raised, in Darlington v. Board of Councilmen of City of Frankfort, 282 Ky. 778, 140 S. W. 2d 392, where construction of a building had been started before the passage of a zoning ordinance, the courts took cognizance of the case and ruled that the owner had acquired a vested right under the Constitution to proceed with completion of the building without interference by the city or its zoning authority.

In the case at bar, it is important to note that the same condition is pleaded; also, that there was at the time no proceeding pending before the Zoning Commission or its agencies. Nothing had been done but the posting of a notice on the premises that the work be stopped until a permit should be secured. And this was merely signed by an individual without any sort of title or indication of authority. Later the owner of the property was arrested on the indefinite charge of ''violating sec. 100,075 KRS.'' The petition states facts in support of the plea of an invasion of the plaintiffs' constitutional rights by the attempted application of the zoning law, since the work had been begun before the law became effective, as in the Darlington case. Moreover, there is a plea of irreparable injury. Here there is a combination of threatened and actual prosecution in which the parties may be subjected during the course of events before the administrative body to a maximum fine of one hundred dollars and imprisonment of twenty days for every day they should refuse to recognize the claimed authority. From such daily judgments there might be no remedy by appeal from the court of the justice of the peace; nor could there be any restitution of money or compensation for the ignominy and time should it be later judicially determined that the zoning statute had no application to the conditions described. If the allegations of the petition should be substantiated, then clearly the law could not be applied. The civil processes of the zoning statute and regulations of the Commission may not operate retroactively or its criminal provisions enforced ex post facto.

Reenforcing all of the foregoing is a provision of the zoning statute itself. There are specific qualifications in several sections which confer the right and pre-

scribe procedure for review and appeals. In the provision relating to adjustments in a master plan of zoning, the section dealing with appeals to the circuit court concludes, "But the foregoing remedy shall not be exclusive." KRS 100.057. The same qualification is contained in the provisions for appeal from decisions of the Commission respecting construction of public works or public utilities. KRS 100.063. And following the several provisions relating to administrative enforcement of the zoning law and regulations and the decisions of the Board of Adjustment and Appeals is this section, KRS 100.086(2):

"Nothing contained in KRS 100.031 to 100.097 (the entire chapter) shall be construed to deprive any person, firm or corporation, taxpayer, or governmental official or agency, claiming to be injured or aggrieved by any action or decision of either the commission, or the board, or the zoning enforcement officer, of any right, or to curtail or limit such right, which he or it may have, to proceed by injunction, mandamus, or other appropriate proceeding either in equity or law."

There is no such provision in other statutes of like character, the terms of which concerning review of actions of the several administrative bureaus seem to make an appeal the exclusive remedy. KRS 133.120, 243.560, 243.570, 278.410, 281.410.

In view of the several stipulations of this zoning statute respecting review by a judicial tribunal through process of appeal, these qualifications are not clear. It is not necessary that we should speak now concerning their extent. It is enough to say that KRS 100.086 (2) comprehends this suit, the right to maintain which is sustained by the judicial decisions as well. It is certain, we think, that it was not the legislative intent to preclude judicial inquiry first into the jurisdiction or power of the zoning authorities under circumstances like the present. We are of the opinion, therefore, that the special demurrer should have been overruled.

If the court should find that the acts of the plaintiffs are within the competence or jurisdiction of the Commission or come within the zoning statutes (as that the enlargement of the pool was in fact begun after the

effective date of the law), the case may be referred to the Board of Adjustment and Appeals for the determination of such issue coming within its administrative authority or jurisdiction. This would leave any aggrieved party the right to pursue remedies by progressive appeals.

The judgment is reversed.