**KENTUCKY BOARD OF HAIRDRESSERS AND COSMETOLOGISTS, Appellant,**

v.

**Mary STEVENS, Appellee.**

Court of Appeals of Kentucky.

June 18, 1965.

Rehearing Denied Oct. 15, 1965.

John B. Breckinridge, Atty. Gen., John B. Browning, Asst. Atty. Gen., Frankfort, for appellant.

Thomas W. Burks, John G. O'Mara, Louisville, for appellee.

DAVIS, Commissioner.

This appeal presents the problem whether appellee Mary Stevens made timely appeal to the Franklin Circuit Court from an adverse ruling of appellant, Kentucky Board of Hairdressers and Cosmetologists. KRS 317.410(12); KRS 317.520(3).

Some time before January, 1962, appellant made application for license to operate a school of cosmetology at Ashland. KRS 317.500(3). On January 12, 1962, the appellant Board entered an order denying the application.

On January 22, 1962, the present appellee filed a complaint in the Franklin Circuit Court wherein she alleged that she possessed the requisite qualifications for and had performed the necessary actions to entitle her to the license; the complaint asserted that the Board had denied her application, but that the order was void on its face because it went beyond the Board's jurisdiction. The complaint specifically recited that "there is no question of fact to be determined," and asked for a declaration of rights, coupled with an affirmative mandatory order directing the Board to issue the license for which appellant had applied. Other significant language of the complaint is:

"* * * and no purpose can be served by any further hearings before the said defendant Board, since there remains purely a legal question to be decided, and plaintiff does not desire to introduce any evidence, and plaintiff relies upon the authority of Goodwin v. City of Louisville, 309 Ky. 11, 215 S.W.2d 557, in support of her action in applying directly to this court for relief."

The Board joined issue by filing answer denying the legal conclusions of the complaint, and the case was submitted without proof. On March 14, 1962, the Franklin Circuit Court entered an order in which it was recited, in part:

"Plaintiff having appealed to this Court from an order * * * of the * * * Board entered January 12, 1962 * * * the Court * * * finds that there is no record of any hearing conducted by the Board * * * and being of the opinion that there was no competent evidence before the Board to justify its order, * * * it is ordered * * * that the * * * case * * * is remanded to the Board with direction to hold a hearing on the application for license * * *."

The Franklin Circuit Court set aside the Board's order denying the license, but did not direct that a license be granted.

Thereupon the Board proceeded with hearings in the matter, and on November 9, 1962, entered an order denying the license. On January 15, 1963, some sixty-odd days later, the appellee filed in the Franklin Circuit Court a motion asking the court to review the record and evidence and set aside the November 9, 1962, order denying the license. The appellant made timely motion to dismiss "the appeal" on the ground that it was not filed within the thirty days prescribed for such appeals. KRS 317.520 (3). The court overruled the latter mo-

tion and again set aside the Board's order, from which ruling the Board prosecutes this appeal.

■ It is our view that the trial court erred in overruling the Board's motion to dismiss "the appeal." It is noteworthy that the Board described the "motion to review" as an "appeal," because the trial court took the position that the only appeal was the action for declaration of rights filed January 22, 1962. This opinion of the circuit court was founded on the court's view that its remand order of March 13, 1962, was "interlocutory only." We think this position is untenable. Kenmont Coal Co. v. Clark, 294 Ky. 226, 171 S.W.2d 242; Mullins v. Ky. W. Va. Gas Co., Ky., 307 S.W.2d 169.

■ The original complaint for a declaration of rights was not an appeal as prescribed by KRS 317.520(3). As mentioned, the complaint carefully recited that the action was premised upon the authority of Goodwin v. City of Louisville, 309 Ky. 11, 215 S.W.2d 557. In Goodwin this court recognized the right of direct judicial relief, without prior exhaustion of statutory administrative remedies, where the complaint raises an issue of jurisdiction as a mere legal question, not dependent upon disputed facts; the rationale of that decision is that judicial relief (as distinguished from administrative appeal process) is always available to directly attack a void administrative order. It is significant to note that in Goodwin the statutory administrative *appeal* process was recognized as appropriate if the court should determine that the administrative board possessed jurisdiction. The language of the opinion is:

"If the court should find that the acts of the plaintiffs are within the competence or jurisdiction of the Commission or come within the zoning statutes (as that the enlargement of the pool was in fact begun after the effec-

tive date of the law), the case may be referred to the Board of Adjustment and Appeals for the determination of such issue coming within its administrative authority or jurisdiction. This would leave any aggrieved party the right to pursue remedies by progressive appeals."

Ibid., 215 S.W.2d p. 561.

■ The order entered March 14, 1962, was a judicial determination by the Franklin Circuit Court that the Board had jurisdiction, and that its order was not void. The only process for attacking the Board's order (since it was not a void one) was by the administrative appeal provided in KRS 317.520(3). The time for taking such an appeal had already expired when the order was entered March 14, 1962. It is our view that the Franklin Circuit Court exceeded its authority in undertaking to "remand" the matter to the Board, since the litigation before the circuit court had not emanated from the Board by appeal.

However, for purposes of discussion, we may assume that the circuit court treated the suit as an appeal, and that the interested parties did too, so that they did in effect amend the pleadings of the suit so as to constitute it an appeal. CR 15.02. Even so, the only course available for review of the Board's order of November 9, 1962, was the statutory appeal. The time for taking the appeal was within thirty days of the order of November 9, 1962. When the appellee failed to avail herself of the appeal within that time the order became final and not subject to appellate review. We think it is fundamental that the "appeal" could not have remained pending in the Franklin Circuit Court while the case was being heard de novo before the Board.

The judgment is reversed with directions to enter judgment overruling and dismissing the "motion to review" and reinstating the Board's order of November 9, 1962.