RENDERED: AUGUST 24, 2017
TO BE PUBLISHED

# Supreme Court of Kentucky

## 2016-SC-000303-DG

KENTUCKY STATE POLICE          APPELLANT

V.

ON REVIEW FROM COURT OF APPEALS
CASE NO. 2014-CA-001081-MR
FRANKLIN CIRCUIT COURT NO. 09-CI-01342

TERRY SCOTT AND          APPELLEES
DAMON FLEMING

## OPINION OF THE COURT BY JUSTICE VANMETER

## REVERSING

As a general rule, persons aggrieved by administrative actions must exhaust their administrative remedies before seeking redress in the courts. The primary issue we must resolve in this case is whether the failure of Terry Scott and Damon Fleming to appeal denial of their respective grievances against the Kentucky State Police ("KSP") by the Personnel Cabinet, under KRS[1] Chapters 13B and 18A, precludes their subsequent action filed in Franklin Circuit Court. We hold that exhaustion of administrative remedies

---

[1] Kentucky Revised Statutes.

was required in this case and therefore reverse to the trial court with instructions to dismiss this action.

## I. Factual and Procedural Background.

Scott and Fleming were each hired in 2002 as an Arson Investigator II by KSP. In late 2004, KSP hired Mark Boaz as an Arson Investigator II for the Henderson Post. Boaz's starting salary was $38,083 per annum, the midpoint authorized salary for the position. At the time of Boaz's hire, Scott, assigned to the Elizabethtown Post, earned $31,578 per annum, and Fleming, assigned to the Madisonville Post, was earning $31,261 per annum.[2] As noted by both the circuit court and Court of Appeals, Boaz told Scott that he had negotiated a higher salary; Scott then relayed this information to Fleming.

In May 2006, Scott and Fleming filed internal grievances concerning Boaz's higher rate of compensation in comparison to their rate of compensation. The dates the grievances were filed are not exactly clear from the record; however, on May 25, 2006, the KSP Commissioner denied Fleming's grievance based on 101 KAR[3] 2:034 which permits salary adjustments only for merit employees of the same class within the same county.[4]

---

[2] Prior to transferring to the Madisonville Post on August 1, 2004, Fleming had been assigned to Henderson Post.

[3] Kentucky Administrative Regulations.

[4] The regulation, 101 KAR 2:034 § 1, provides, in full:

> New Appointments. (1) An appointing authority shall appoint a new employee at a salary not to exceed the midpoint of the pay grade.

2

Both Scott and Fleming filed appeals with the Personnel Board. Scott's appeal was filed on May 25, 2007; Fleming's appeal was filed on June 4, 2007. They alleged that Boaz's hire and rate of pay had been motivated by his having changed his political voting registration to coincide with that of the incumbent governor.

With respect to Scott, the hearing officer found that Scott knew or should have known no later than February 28, 2006, that Boaz had been hired as an Arson II investigator at a certain salary. As to Fleming, the hearing officer found that he knew or should have known no later than March 1, 2006, of Boaz's hire, class and salary.

The grievances were denied based on KRS 18A.095(29), which states

> Notwithstanding any other prescribed limitation of action, an employee that has been penalized, but has not received a written notice of his or her right to appeal as provided in this section, shall file his or her appeal with the Personnel Board within one (1) year from the date of the penalization or from the date that the employee reasonably should have known of the penalization.

The Personnel Board's Hearing Officer issued Findings of Fact, Conclusions of Law and Recommended Orders dismissing both Scott's and Fleming's appeals on September 20, 2007. Those Recommended Orders set

---

(2) The appointing authority shall adjust to that salary an employee who is earning less than the new appointee's salary, if the appointing authority determines that the incumbent employee:

(a) Is in the same job classification;

(b) Is in the same work county; and

(c) Has a similar combination of education and experience relating to the relevant job class specification.

3

out Scott's and Fleming's Exception and Appeal rights under KRS 13B.140 and KRS 18A.100. Apparently, no exceptions were filed and the Personnel Board entered its Final Orders in conformity with the Hearing Officer's recommendations on October 16, 2007. The Board's Final Order also noted the appeal rights under KRS 13B.140 and KRS 18A.100.

Neither Scott nor Fleming filed an appeal with the Franklin Circuit Court, as directed by statute. Instead, in August 2009, the two filed a verified complaint and petition for declaration of rights as an original action in the Franklin Circuit Court. The factual allegations were that Boaz was hired at a substantially higher salary than Scott or Fleming despite having less law enforcement experience than they had, and KSP had failed to pre-certify Boaz under the Peace Officer Professional Standard in accordance with KRS 15.382, .388. The allegations were that these hiring discrepancies were due to Boaz's changing his political registration from Democrat to Republican (to coincide with that of then incumbent Governor Fletcher). The first count of the complaint alleged a violation of KRS 18A.140, and a denial of freedom of association and equal protection as guaranteed by the Kentucky Constitution §§ 1-3, and the United States Constitution Amendments 1 and 14, thereby entitling Scott and Fleming to compensatory and punitive damages. The second count alleged a violation of KRS Chapter 15.

KSP removed the case to federal court due to Scott's and Fleming's assertion of violations of their federal civil rights. In a memorandum opinion, the district court dismissed the federal claims with prejudice, and remanded

4

the state claims back to the Franklin Circuit Court. *Fleming v. Ky. State Police*, 3:09-35-DCR, 2010 WL 881907 (E.D. Ky., Mar. 5, 2010). Following remand, Scott and Fleming amended their complaint two times to add an allegation of violation of the Kentucky Civil Rights Act, KRS Chapter 344 and to name individual defendants.

Ultimately, the trial court dismissed most of Scott's and Fleming's claims. In a 2012 Order, the trial court held that KSP and four individuals named in official capacities were all entitled to governmental immunity. *Yanero v. Davis*, 65 S.W.3d 510, 519 (Ky. 2001). Subsequently, and as to the KRS Chapter 18A claims, the trial court recognized that its jurisdiction with respect to administrative proceedings was limited to matters appealed under KRS 18A.100 and Chapter 13B. The court, similarly, dismissed the KRS Chapter 344 claims, holding that "[p]olitical affiliation is not a protected class under the Civil Rights Act." As to the claims for violation of the Kentucky Constitution, the trial court recognized that no tort cause of action exists in Kentucky to provide money damages for constitutional violations. *See St. Luke's Hosp., Inc. v. Straub*, 354 S.W.3d 529, 537 (Ky. 2011) (declining to create judicially a new constitutional tort for a private right of action for state constitutional violations). Despite the foregoing, the trial court, nevertheless, permitted the case to go forward, stating

> The Court interprets [*Straub*] to mean that Plaintiff[s'] claims based directly on the Kentucky Constitution for monetary damages are foreclosed, but not that Plaintiff[s are] barred from bringing any and all claims directly under the Kentucky Constitution. If the plaintiffs demonstrate a constitutional violation in the form of

5

political discrimination that violates the right to freedom of association and the right of equal protection, they should have a remedy. The remedies available to the Plaintiffs may be limited to equitable relief, such as injunctive relief, but it would be premature to dismiss their claims. If Plaintiffs prove a violation of their right to equal protection under the state constitution, they may be entitled to injunctive relief in the form of reinstatement, backpay, restoration of retirement benefits, or some other actions necessary to make them whole[.] *See e.g.*, 200 KAR 12:030. Courts are afforded "broad equitable discretion to fashion back pay awards." *David v. Caterpillar, Inc.*, 324 F.3d 851, 865 (7th Cir. 2003).

The trial court held a bench trial in October 2013, following which it entered an Opinion & Order adjudicating the sole issue of "whether Plaintiffs' constitutional right to equal protection was violated when [KSP] hired Mark Boaz as an Arson Investigator II, at a substantially higher rate of pay." In its Findings of Fact, the court made extensive findings with respect to Boaz's, Scott's and Fleming's employee class, pay and history, and what it characterized as a number of irregularities in the hiring process for Boaz.

The trial court concluded that KSP committed "flagrant violations of the hiring procedures required in KRS Chapter 18A[,]" but noted the administrative violations are not before the court by Scott's and Fleming's failure to exhaust admirative remedies. The court, however, held that Scott and Fleming had met their burden of showing a prima facie case of an equal protection violation, specifically grossly unequal treatment between themselves and Boaz, for which KSP had failed to prove any rational or reasonable justification, entitling them to equitable relief. In its judgment, the court stated:

6

Plaintiffs right to equal protection under the Kentucky Constitution Section [2][5] was violated by Defendant. KSP failed to prove any rational or reasonable justification for the grossly unequal treatment of Mr. Boaz as compared to the Plaintiffs. By reason of this violation of their right to equal protection under the state constitution, Plaintiffs are entitled to injunctive relief in the form of reinstatement to a position with the same grade and pay as Mr. Boaz, back pay, restoration of retirement benefits, and any other actions necessary to make them whole. See e.g., 200 KAR 12:030. Courts are afforded "broad equitable discretion to fashion back pay awards." *David v. Caterpillar. Inc.*, 324 F.3d 851, 865 (7th Cir. 2003). Accordingly, IT IS ORDERED AND ADJUDGED:

1. That the Plaintiffs shall be paid back pay and benefits at the same rate KSP paid Mark Boaz for all wages and benefits for the entire period of employment in which each plaintiff was employed by KSP starting with the date of the original employment of Mr. Boaz, with said wages and benefits to be calculated and credited to the Plaintiffs consistent with 200 KAR 12:030;

2. The Plaintiffs are entitled to the following injunctive and equitable relief against Defendant in order to be made whole:

a. Kentucky State Police shall reimburse Plaintiff Terry Scott an amount of back pay as if he were employed at the same rate as Mark Boaz from the date of the hire of Terry Scott, April 1, 2002 until present, similar to Mark C. Boaz who was employed at the following monthly rates of pay for the time period: (1) $3,173.58 per month from November 16, 2004 until December 07, 2004; (2) $3,205.32 per month from January 12, 2005 until December 1, 2005; (3) $3,365.60 per month until July 17, 2006; (4) $3,469.78 per month until December 11, 2006; (5) $3,569.78 per month until July 11, 2007; (6) $3,882.28 per month until December 10, 2007; (7) $3,982.29 per month until December 12, 2008; and, (8) $4,062.36 per month until April 23, 2010. Further, Kentucky State Police shall restore his retirement benefits in an amount commensurate with his rate of pay being equal to that of Mark C. Boaz as detailed above;

b. Kentucky State Police shall reimburse Plaintiff Damon Fleming an amount of back pay as if he were employed at the same rate as Mark Boaz from the date of the hire of Terry Scott,

---

[5] In this final section of its Opinion & Order, the trial court referred to Section 3 of the Kentucky Constitution. Earlier portions of the Opinion, however, make clear that the court intended to refer to Section 2.

November 1, 2002 until July 10, 2009, similar to Mark C. Boaz who was employed at the following monthly rates of pay for the time period: (1) $3,173.58 per month from November 16, 2004 until December 07, 2004; (2) $3,205.32 per month from January 12, 2005 until December 1, 2005; (3) $3,365.60 per month until July 17, 2006; (4) $3,469.78 per month until December 11, 2006; (5) $3,569.78 per month until July 11, 2007; (6) $3,882.28 per month until December 10 , 2007; (7) $3,982.29 per month until December 12, 2008; and, (8) $4,062.36 per month until April 23, 2010. Further, Kentucky State Police shall restore his retirement benefits in an amount commensurate with his rate of pay being equal to that of Mark C. Boaz as detailed above;

The trial court's order was made final and appealable. CR[6] 54.02(1).

KSP appealed to the Court of Appeals. In a split opinion, that court affirmed the trial court judgment. KSP argued that Scott and Fleming had failed to exhaust their administrative remedies. The Court of Appeals majority opinion rejected this argument on the basis that such exhaustion is not required when attacking the validity of a statute or regulation as void on its face because an administrative agency cannot decide constitutional issues, citing *Commonwealth v. DLX, Inc.*, 42 S.W.3d 624, 626 (Ky. 2001). In contrast, the Court of Appeals dissent noted the exception to exhaustion set out in *DLX* was inapplicable because Scott and Fleming did not attack the constitutional validity of a statute or regulation either on its face or as applied. In other words, Scott and Fleming's direct action was precluded by their failure to exhaust their administrative remedies. The dissent further urged that Scott and Fleming's direct action for back pay was counter to this Court's decision in *Straub*, 354 S.W.3d at 537-38.

---

[6] Kentucky Rules of Civil Procedure.

8

KSP filed a motion for discretionary review, which we granted.

## II. Standard of Review.

In this case, the trial court held a bench trial. Thus, to the extent that any factual issues are germane to our review, we, of course, defer to the fact finder, in this instance the trial court, and "[f]indings of fact, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." CR 52.01. That said, the issues in this case seems to involve pure questions of law, and are therefore subject to de novo review by this Court. *Louisville & Jefferson Cnty. Metro. Sewer Dist. v. Bischoff,* 248 S.W.3d 533, 535 (Ky. 2007) (citing *Bob Hook Chevrolet Isuzu, Inc. v. Commonwealth Transp. Cabinet,* 983 S.W.2d 488, 490 (Ky.1998)).

## III. Issue on Appeal.

As in both lower courts, KSP argues that Scott's and Fleming's failure to exhaust administrative remedies bars their direct action in the Franklin Circuit Court. We agree.

As noted, exhaustion of administrative remedies is required prior to resort to the courts. *DLX,* 42 S.W.3d at 625 (citing *Goodwin v. City of Louisville,* 309 Ky. 11, 215 S.W.2d 557, 559 (1948)). Three exceptions exist to this rule of law: (1) a party demonstrates the futility of continuing the administrative process, (2) a statute authorizes direct judicial relief, and (3) a party challenges the constitutionality of a particular regulation or statute on its face. *Popplewell's Alligator Dock No. 1, Inc. v. Revenue Cabinet,* 133 S.W.3d

9

456, 471 (Ky. 2004). If none of these exceptions apply, then the court is deprived of subject matter jurisdiction.

In *DLX*, a mining company aggrieved by the Natural Resources and Environmental Protection Cabinet ("Cabinet") alleged taking of its property without compensation in violation of Section 242 of the Kentucky Constitution filed a direct action in Franklin Circuit Court. In holding that exhaustion of administrative remedies was required, we held

> Exhaustion of administrative remedies is not necessary when attacking the constitutionality of a statute or a regulation as void on its face. *Goodwin*[, 309 Ky. 11, 215 S.W.2d at 559]. This is because an administrative agency cannot decide constitutional issues. *Id.* Thus, to raise the facial constitutional validity of a statute or regulation at the administrative level would be an exercise in futility. This exception does not apply in the case at bar, however, because DLX has not challenged the facial validity of the surface mining statutes and regulations. Rather, as its complaint shows, DLX's argument is that the Cabinet's application of the statutes and regulations resulted in an unconstitutional taking of its property.
>
> When an administrative agency applies a statute unconstitutionally, it acts beyond the bounds of the constitution, rather than passing on a constitutional question. In other words, until a statute has been applied, there can be no unconstitutional application. This is the basis for the rule that one must first show injury as the result of a statutory application, before that application may be attacked as unconstitutional. *See, e.g., Stein v. Kentucky State Tax Commission*, 266 Ky. 469, 99 S.W.2d 443, 445 (1936). Thus, exhaustion of administrative remedies is not futile to an as-applied challenge to a statute. Quite the contrary, it is the administrative action which determines the extent, if any, of the constitutional injury.

*DLX*, 42 S.W.3d at 626; *see also Kentucky Exec. Branch Ethics Comm'n v. Atkinson*, 339 S.W.3d 472, 476 (Ky. App. 2010) (holding that property valuation administrators were required, notwithstanding claim of agency's arbitrary

10

exercise of power, to exhaust administrative remedies before seeking judicial relief).

Similar to *DLX*, Scott and Fleming have not challenged the facial validity of any statutes or regulations. Instead, they have challenged KSP's application of hiring statutes and regulations in its hiring of Boaz which, they claim, has injured them. Under KRS 18A.095, administrative jurisdiction over penalization is vested in the Personnel Board. Irrespective of whether the Personnel Board's 2007 decision regarding Scott's and Fleming's claim was correct, their obligation was to appeal timely that decision to the Franklin Circuit Court. KRS 13B.140, 18A.100. That determination is long since final, and operates as res judicata of any matters arising from the facts as alleged by Scott and Fleming. *See Godbey v. Univ. Hosp. of Albert B. Chandler Med. Ctr., Inc.*, 975 S.W.2d 104, 105 (Ky. App. 1998) ("Kentucky has for many years followed the rule that the decisions of administrative agencies acting in a judicial capacity are entitled to the same res judicata effect as judgments of a court.").

Because we decide this case on the basis of Scott's and Fleming's failure to exhaust their administrative remedies, we do not reach the other primary issue raised: whether the trial court effectively awarded Scott and Fleming monetary damages contrary to our decisions in *Yanero v. Davis*, 65 S.W.3d 510, and *St. Luke's Hosp., Inc. v. Straub*, 354 S.W.3d 529.

11

## IV.   Conclusion.

Based on the foregoing, we reverse the Opinion of the Court of Appeals.

All sitting.  All concur.

COUNSEL FOR APPELLANT:

Shawna Virgin Kincer
Kentucky State Police

COUNSEL FOR APPELLEE:

David F. Broderick
Brandon T. Murley
Broderick & Davenport, PLLC

COUNSEL FOR *AMICUS CURIAE*
KENTUCKY PERSONNEL CABINET:

Rosemary Holbrook
Office of Legal Services
Kentucky Personnel Cabinet.