RENDERED: JANUARY 27, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1228-MR

GREGORY HARRIS
BRANDENBURG, RN, APRN                                        APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.          HONORABLE SUSAN SCHULTZ GIBSON, JUDGE
ACTION NO. 21-CI-002188

KENTUCKY BOARD OF NURSING                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; DIXON AND GOODWINE, JUDGES.

DIXON, JUDGE: Gregory Harris Brandenburg appeals from the order denying his

petition for declaratory judgment entered on September 16, 2021, by the Jefferson

Circuit Court. Following careful review of the record, briefs, and law, we affirm.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

In 2001, Brandenburg was licensed by the Kentucky Board of Nursing ("Board") as a Registered Nurse and Advanced Practice Registered Nurse. Brandenburg determined he had an alcohol abuse issue and reported it to the Board in March 2017. Thereafter, in May 2017, the Board discovered that – since May 2015—Brandenburg had issued over 100 controlled substance prescriptions, exceeding applicable prescribing limits. On August 23, 2017, Brandenburg and the Board entered an agreed order for the voluntary surrender of Brandenburg's nursing licenses for **_at least_** two years to satisfy the two actions against him.

On September 14, 2020, Brandenburg applied for reinstatement of his licenses. Nine days later, he submitted certain documentation to the Board for his reinstatement and inquired as to what else was necessary. Brandenburg also, erroneously, asserted that he surrendered his nursing licenses and privileges "for a period of two years" and that the "suspension period" had run. Additionally, he included a report and evaluation by Walter Butler, M.D., to demonstrate that Brandenburg "discovered the root of his health issues and that the 'alcohol abuse' issues discussed in the Agreed Order was [sic] really a manifestation of the underlying illness[.]"[1]

---

[1] The specific "health issue" or "underlying illness" was bipolar disorder. Brandenburg indicated to Dr. Butler that his primary care physician first noted and diagnosed the bipolar symptoms **in 2015** and prescribed medication accordingly. Dr. Butler's diagnostic impression of Brandenburg

Less than one month later, the Board replied by letter enclosing its Guidelines for Requesting Reinstatement of a Voluntarily Surrendered License/Credential ("Guidelines") and providing its assessment – provision by provision – of whether each of the 18 provisions were met. The Board informed Brandenburg that it had not received "the required evidence to proceed with the consideration of the reinstatement" of his nursing licenses. It further stated that if Brandenburg wished to be "considered for reinstatement, he must satisfy **all** of the provisions noted in the Guidelines for Reinstatement and in 201 KAR[2] 20:225." (emphasis, footnote added). It also noted Brandenburg's application would expire on September 14, 2021.

On April 14, 2021, Brandenburg petitioned the Jefferson Circuit Court for a declaratory judgment regarding the enactment and enforcement of the Guidelines, to vacate the agreed order, and to reinstate his nursing licenses. Brandenburg filed a memorandum in support of his petition, the Board responded, and a hearing was held. The trial court ultimately concluded that Brandenburg had failed to exhaust his administrative remedies and denied his petition. This appeal followed.

was two-fold: (1) bipolar disorder, in substantial remission, and (2) alcohol use disorder, in remission.

[2] Kentucky Administrative Regulations.

## STANDARD OF REVIEW

It is well-settled:

> [t]he basic scope of judicial review of an administrative
> decision is limited to a determination of whether the
> agency's action was arbitrary. *Bobinchuck v. Levitch*,
> [380 S.W.2d 233 (Ky. 1964).] If an administrative
> agency's findings of fact are supported by substantial
> evidence of probative value, they must be accepted as
> binding and it must then be determined whether or not
> the agency has applied the correct rule of law to the facts
> so found. *Kentucky Unemployment Ins. Comm'n v.
> Landmark Community Newspapers of Kentucky, Inc*., [91
> S.W.3d 575 (Ky. 2002).] The Court of Appeals is
> authorized to review issues of law involving an
> administrative agency decision on a *de novo* basis.
> [*Aubrey v. Off. of the Att'y Gen.*, 994 S.W.2d 516 (Ky.
> App. 1998)]. In particular, an interpretation of a statute
> is a question of law and a reviewing court is not bound
> by the agency's interpretation of that statute. *Halls
> Hardwood Floor Co. v. Stapleton*, [16 S.W.3d 327 (Ky.
> App. 2000).]

*Liquor Outlet, LLC v. Alcoholic Beverage Control Bd*., 141 S.W.3d 378, 381 (Ky.

App. 2004).

## LEGAL ANALYSIS

Brandenburg's petition seeking declaratory relief was denied by the

trial court based upon the well-established principle that, "[a]s a general rule,

exhaustion of administrative remedies is a jurisdictional prerequisite to seeking

judicial relief." *Commonwealth v. DLX, Inc*., 42 S.W.3d 624, 625 (Ky. 2001)

(citing *Goodwin v. City of Louisville*, 309 Ky. 11, 215 S.W.2d 557, 559 (1948)).

There is no evidence in our record that Brandenburg's application was ever actually denied. Rather, the application simply expired because Brandenburg did not submit proof to the Board that he had fulfilled all the requirements that he – with the advice of his legal counsel – agreed to complete prior to reinstatement of his licenses. Brandenburg may still reapply for reinstatement; yet, he has chosen to prematurely seek relief from the judicial system, now claiming the Guidelines with which he agreed to comply are illegal. Moreover, Brandenburg has failed to even comply with requirements that clearly do not run afoul of KRS[3] 13A.100 or KRS 13A.130 – such as paying his fine.

In *Popplewell's Alligator Dock No. 1, Inc. v. Revenue Cabinet*, 133 S.W.3d 456, 471 (Ky. 2004), the Court explained:

> Exhaustion is generally required as a matter of preventing **premature** interference with agency processes, so that the agency may: (1) function efficiently and have an opportunity to correct its own errors; (2) afford the parties and the courts the benefit of its experience and expertise without the threat of litigious interruption; and (3) compile a record which is adequate for judicial review. In addition, an agency has an interest in discouraging frequent and deliberate flouting of the administrative process. **[T]he exhaustion doctrine does not preclude, but rather defers, judicial review until after the expert administrative body has built a factual record and rendered a final decision.** By honoring the exhaustion doctrine, courts avoid interfering with the administrative process, and the initial reviewing court benefits from the specialized knowledge of the

---

[3] Kentucky Revised Statutes.

agency. With increasing case loads and demands upon the courts, it is important to note that [t]he rule requiring exhaustion also **promotes judicial economy by resolving issues within the agency, eliminating the unnecessary intervention of courts**.

In 1994, the legislature enacted a comprehensive act relating to administrative hearings, which was codified as KRS Chapter 13B, that brought together in one place the varying grounds for review of an administrative decision already recognized in Kentucky jurisprudence, and provided that **[a] party may file a petition for judicial review only after the party has exhausted all administrative remedies available within the agency whose action is being challenged**, and within any other agency authorized to exercise administrative review. And, the Act specifically authorized a reviewing circuit court to grant a stay of a final order pending judicial review. Thus, a party adversely affected by a final order of an administrative agency may seek judicial review and, if necessary, request a stay of the order during the judicial review.

(Emphasis added) (internal quotation marks, footnotes, and original emphasis omitted). The Supreme Court went on to hold "a party need not exhaust administrative remedies **when attacking the constitutionality of a statute or a regulation as void on its face**, . . . a party must exhaust administrative remedies prior to seeking judicial review of an as-applied constitutional challenge." *Id*. at 472 (emphasis added).

In the case herein, Brandenburg challenges neither a statute nor a regulation as unconstitutional on its face or as-applied. By contrast, he asserts the Guidelines he agreed to follow are illegal because they constitute "actual policy"

of the Board in violation of KRS 13A.100 and KRS 13A.130.  Since Brandenburg

is not attacking the *constitutionality* of a *statute* or a *regulation*, the trial court

correctly denied his petition for declaratory relief for his failure to exhaust his

administrative remedies.  *See id.*  Accordingly, we need not address any further

issues.[4]

## CONCLUSION

Therefore, and for the foregoing reasons, the order entered by the

Jefferson Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

J. Fox DeMoisey
Prospect, Kentucky

BRIEF FOR APPELLEE:

Amy Wheeler
Louisville, Kentucky

---

[4]  In his reply brief, Brandenburg cites *Goodwin*, 309 Ky. at 15, 215 S.W.2d at 559, which stated, "The concept of the term jurisdiction embraces action, or contemplated action, by the body without power and in the given case, it is necessary for the judiciary to restrain the agency in order to prevent irreparable injury."  Brandenburg asserts he "is suffering irreparable injury being illegally restrained from the practice of nursing for years."  Yet, irreparable harm is defined as, "incalculable damage to the applicant . . . either to the liberty of his person, or to his property rights, or other far-reaching and conjectural consequences," and, "something of a ruinous nature[.]" *Barnes v. Goodman Christian*, 626 S.W.3d 631, 638 (Ky. 2021) (citations omitted).  Brandenburg has failed to provide any specific argument or evidence to support such a theory.  Therefore, he has failed to demonstrate an irreparable injury.