RENDERED: MARCH 7, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0280-MR

TOMMY GRIDER AND GRIDER
RENTAL PROPERTIES, LLC                                          APPELLANTS

APPEAL FROM JEFFERSON CIRCUIT COURT
v.        HONORABLE JENNIFER WILCOX, JUDGE
ACTION NO. 23-CI-004011

KENTUCKY COMMISSION ON
HUMAN RIGHTS                                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, CALDWELL, AND LAMBERT, JUDGES.

CALDWELL, JUDGE:  Tommy Grider and his company, Grider Rental

Properties, LLC (collectively "Grider"), appeal an order of the circuit court that

dismissed his complaint against the Kentucky Commission on Human Rights

("KCHR") pursuant to CR[1] 12.02(f) for failure to state a claim upon which relief can be granted. After careful review, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The function of KCHR as an administrative agency in the Commonwealth is "to encourage fair treatment for, to foster mutual understanding and respect among and to discourage discrimination against any racial or ethnic group or its members." KRS[2] 344.170. As part of its powers, "KCHR is empowered to receive and investigate complaints relating to discrimination, to offer recommendations to eliminate any injustices it discovers, and to hold public hearings and request the attendance of witnesses." *Owen v. University of Kentucky*, 486 S.W.3d 266, 269 (Ky. 2016) (footnotes omitted).

Grider owns various housing units that he rents to individuals. In 2012, he rented a unit to Rhonda Jones. In April 2018, Grider issued a notice of eviction to Jones for failure to pay rent. On December 12, 2018, Jones filed a complaint with KCHR that alleged Grider engaged in discriminatory housing practices in violation of KRS Chapter 344 because he coerced her into exchanging sexual activity for rental payments. KCHR initiated an administrative claim of housing discrimination. Grider was served a copy of the complaint and filed a

---

[1] Kentucky Rule of Civil Procedure.

[2] Kentucky Revised Statute.

timely response.[3]  It is undisputed that KCHR began an investigation of Jones' complaint pursuant to KRS 344.600(1)(b)4.  However, what occurred – or did not occur – following the initiation of the investigation are the subject of Grinder's claims before the circuit court.  Pursuant to KRS 344.600(1)(c), "[i]f [KCHR] is unable to complete the investigation within one hundred (100) days after the filing of the complaint, [KCHR] shall notify the complainant and respondent in writing of the reasons for not doing so."  KCHR failed to notify Grider at any point.  Further,

> [f]ollowing its investigation, "[KCHR] shall determine, based on the facts, whether probable cause exists to believe that a discriminatory housing practice made unlawful under this chapter has occurred or is about to occur."  KRS 344.625(1).  [KCHR] "shall" make its probable cause determination "not later than the one hundredth day after the date a complaint is filed unless: (a) It is impracticable to make the determination; or (b) [KCHR] has approved a conciliation agreement relating to the discriminatory housing complaint."  KRS 344.625(2).  "If it is impracticable to make the determination within the time period provided by subsection (2) of this section, [KCHR] shall notify the complainant and respondent in writing of the reasons for the delay."  KRS 344.625(3).
>
> "If [KCHR] determines that probable cause exists to believe that a discriminatory housing practice has occurred or is about to occur, [KCHR] shall, except as provided in subsection (6) of this section, immediately

---

[3] We note that the administrative record does not appear in the record before us and any mention of it in this Opinion is based on undisputed facts put forth by the parties and/or the circuit court.

issue a charge on behalf of the aggrieved person for
further proceeding under KRS 344.635."
KRS 344.625(4). "If [KCHR] determines that no
probable cause exists to believe that a discriminatory
housing practice has occurred or is about to occur,
[KCHR] shall promptly dismiss the complaint."

*Teen Challenge of Kentucky, Inc. v. Kentucky Commission on Human Rights*, 577

S.W.3d 472, 476 (Ky. App. 2019).

Again, KCHR failed to notify Grider at any point until, on June 12,

2023, it issued a determination that probable cause existed to charge Grider with

discriminatory housing practices – four and one-half years after Jones filed her

complaint. Pursuant to the statutory scheme,

[w]hen a discriminatory housing charge is filed, a
complainant, a respondent, or the aggrieved person on
whose behalf the complaint is filed, may elect to have the
claims asserted in that charge decided in a civil action
under KRS 344.670, in lieu of an administrative hearing
before the Commission under KRS 344.640. *See* KRS
344.635. This election must be made not later than
twenty days after the receipt by the electing person of
service under KRS 344.630, from the commission or, in
the case of the Commission, not later than twenty days
after service to the respondent and complainant. *Id.*

*Teen Challenge*, 577 S.W.3d at 476.

However, rather than make an election to have the charge decided by

the circuit court, Grider filed a separate, independent action in the Jefferson Circuit

Court and named KCHR as the defendant. His complaint asserted five causes of

action, including declaratory judgment; a request for a temporary injunction; a

-4-

claim in contract; and claims of violation of his rights under the Kentucky and United States Constitutions. KCHR filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to CR 12.02(f). KCHR argued that the administrative proceedings were ongoing, and a final administrative order had not been issued. Specifically, KCHR asserted that KRS Chapter 13B, which governs administrative hearings, does not apply to a determination of probable cause.[4] It also argued that its failure to complete the investigation within 100 days or notify Grider why it was impracticable to do so was not a jurisdictional bar pursuant to KRS Chapter 344. The circuit court agreed with KCHR and dismissed Grider's complaint. This appeal followed.

**STANDARD OF REVIEW**

We have previously set forth our standard of review regarding a motion to dismiss:

> A motion to dismiss should only be granted if "it appears the pleading party would not be entitled to relief under any set of facts which could be proved in support of his claim." *Pari-Mutuel Clerks' Union v. Kentucky Jockey Club*, 551 S.W.2d 801, 803 (Ky. 1977). When ruling on the motion, the allegations in "the pleadings should be liberally construed in a light most favorable to the plaintiff and all allegations taken in the complaint to be true." *Gall v. Scroggy*, 725 S.W.2d 867, 868 (Ky. App. 1987). In making this decision, the trial court is not required to make any factual findings. *James v. Wilson*, 95 S.W.3d 875, 884 (Ky. App. 2002). Therefore, "the

---

[4] *See* KRS 13B.020 and *Teen Challenge*, 577 S.W.3d at 483.

-5-

question is purely a matter of law." *Id.* Accordingly, the
trial court's decision will be reviewed *de novo*. *Revenue
Cabinet v. Hubbard*, 37 S.W.3d 717, 719 (Ky. 2000).

*Benningfield v. Pettit Environmental, Inc.*, 183 S.W.3d 567, 570 (Ky. App. 2005).

## ANALYSIS

Grider's complaint in the circuit court contained the following claims:
(1) a declaration of rights pursuant to KRS 418.050, in which Grider asserted
KCHR's determination of probable cause was made "without reliable, credible
evidence in support thereof, and in violation of its other statutory duties" and that
the determination of probable cause "violates [Grider's] rights to due process of
law, and will continue to cause irreparable injury, loss, or damage"; (2) KCHR's
determination of probable cause was made in violation of Grider's rights under
Section 2 of the Kentucky Constitution and the Fourteenth Amendment of the
Constitution of the United States; (3) KCHR failed to complete its investigation
within 100 days and failed to notify him of said failure as provided in KRS Chapter
344; (4) KCHR's failure to perform its statutory duties violated Grider's protected
property interest in his existing contractual relationship with other tenants; and (5)
a request for a temporary injunction against KCHR.[5]

---

[5] Grider does not raise the issue of denial of the temporary injunction on appeal. Kentucky Rule
of Appellate Procedure ("RAP") 20 requires a party to, "no later than 20 days from the entry
thereof, move the Court of Appeals for relief" from an order granting, denying, modifying or
dissolving a temporary injunction." Grider sought no such relief. Accordingly, we will not
further address the temporary injunction.

Grider's arguments on appeal focus primarily on Count 3 of his complaint, *i.e.*, KCHR's failure to complete its investigation within 100 days, and failure to notify him of the reasons why it was impracticable to do so. *See* KRS 344.625(2) and (3). He contends KCHR's failure to follow the statutory scheme deprived him of due process. For its part, KCHR does not dispute that it failed to complete the investigation within 100 days or that it failed to notify Grider of impracticability. However, KCHR asserts that these failures did not deprive it of jurisdiction and a final administrative order must be entered prior to judicial review. It also reiterates that KRS Chapter 13B does not apply to KCHR's determination of probable cause. We agree with KCHR.

KRS 344.635 provides, in relevant part, that

[w]hen a discriminatory housing charge is filed under KRS 344.625, a complainant, **a respondent**, or the aggrieved person on whose behalf the complaint is filed, **may elect to have the claims asserted in that charge decided in a civil action under KRS 344.670, in lieu of an administrative hearing before the commission under KRS 344.640**.

(Emphasis added.)

Unfortunately, Grider failed to make an election to have the charge heard in circuit court; therefore, pursuant to KRS 344.640(1), the charge must be heard via administrative proceedings. Only when Grider "no longer has any viable remedy through the administrative process, a court of competent jurisdiction may

consider the problem and grant the appropriate relief." *Sobolewski v. Louisville Downs, Inc.*, 609 S.W.2d 943, 947 (Ky. App. 1980). Until a final administrative order has been entered, Grider has not exhausted his available remedies.

In *Teen Challenge*, this Court recognized that "KRS 344.625 states in unequivocal terms that [KCHR] must issue a determination on probable cause within one hundred (100) days of the complaint having been filed unless the Commission explains why it is impracticable to do so within that time period." 577 S.W.3d at 481-82. However, in *Commission on Human Rights v. Fincastle Heights Mutual Ownership Corporation*, 633 S.W.3d 808 (Ky. App. 2021), this Court held that "failure of [KCHR] to abide by the 100-day rule is not jurisdictional in nature and will not subject a claim to dismissal[.]" *Id.* at 818. *Fincastle* is factually distinguishable from the instant action because Fincastle elected to have the charge of discriminatory housing practice heard by the circuit court pursuant to KRS 344.635. Briefly, when KCHR filed its complaint, Fincastle filed a motion to dismiss in which it argued, in relevant part, that the civil complaint was not timely filed because KCHR had failed to complete its investigation in 100 days and did not mail a letter stating the reasons it was impracticable to do until day 113. This Court went on to rule that violation of the 100-day rule will not subject a claim to dismissal "unless impracticability has not been proven and a showing of substantial prejudice has been made. In addition,

the statutory language does not require the impracticability letter to be mailed prior to the expiration of the 100-day period." *Fincastle Heights*, 633 S.W.3d at 818.

Accordingly, Grider's failure to elect to proceed with the charge in circuit court means he must challenge KCHR's failure to follow the statutory scheme in the administrative proceedings. While we are sympathetic to Grider's argument that four and one-half years is excessive for KCHR to make a probable cause determination with no communication whatsoever, Grider must follow the proper procedural method as articulated in KRS Chapter 344, which includes issuance of a final administrative order prior to judicial review.

With regard to the remaining counts in his complaint, Grider asserts that administrative proceedings "cannot adjudicate [his] claims arising under tort or contract, or the violation of [his] rights under the Kentucky Constitution or the federal constitution."[6] Grider cites to *Sobolewski*, *supra*, to contend that he need not exhaust his administrative remedies, but fails to develop his argument. It is unclear if Grider is attempting to argue that his contractual claim (*i.e.*, Count 4 of his complaint) is supported by *Sobolewski* or if he is attempting to find support for his due process claims, or possibly both.

---

[6] Whether KCHR can be sued in tort as a governmental agency is not a question that is currently before this Court and was not addressed by the circuit court.

Briefly, Sobolewski pursued a breach of contract claim against Louisville Downs, Inc., alleging Louisville Downs failed to distribute a consolation prize purse to him as owner of a horse entered in a race. He also argued that he did not receive due process because there was a ruling on the matter made by a judge at the racetrack and service of that order was on the horse's groom, not Sobolewski or the horse's trainer. Louisville Downs sought to dismiss the complaint, arguing that Sobolewski had not exhausted his administrative remedies before the Kentucky Harness Racing Commission. The circuit court agreed and dismissed the complaint, but this Court reversed, holding that the Racing Commission did not have the statutory authority to order Louisville Downs to pay the purse or to redistribute it after it had been paid to other owners. *Sobolewski*, 609 S.W.2d at 946. Further, with regard to exhaustion of administrative remedies, this Court held that

> when any party has been aggrieved by an order of an administrative agent or agency, and in so doing has been denied due process of law and no longer has any viable remedy through the administrative process, a court of competent jurisdiction may consider the problem and grant the appropriate relief.

*Id.* at 947.[7]

---

[7] *Sobolewski* is not inconsistent with a prior ruling by our then-highest Court which held that

> direct judicial relief is held available without exhaustion of administrative remedies where the statute is charged to be void on

-10-

The contractual relationship between Sobolewski and Louisville Downs is distinguishable from the contractual argument made by Grider. In Count 4 of his complaint, Grider alleges KCHR's investigation resulted in unlawful taking in violation of his protected property interest in contractual relationships with other tenants pursuant to the Thirteenth Amendment of the Kentucky Constitution. However, as stated above, Grider fails to develop his argument to this Court. Grider states in his brief only that the investigation resulted in a "firestorm of critical comments posted on social media by tenants of Grider Rental Properties" that "impaired the value of [his] contracts with tenants, which constitute a protected property right." In dismissing the complaint, the circuit court found that Grider failed to identify any property taken and no set of facts would support his argument that KCHR's investigation of a housing discrimination complaint amounted to taking of property under the Thirteenth Amendment to the Kentucky Constitution. We agree and discern no error.

Grider also fails to develop his arguments with regard to Counts 1 and 2 of the complaint. He asserts only that, in its investigation, KCHR "solicited false statements from other tenants after telling them that Grider was sexually harassing

_____

its face, or where the complaint raises an issue of jurisdiction as a mere legal question, not dependent upon disputed facts[.]

*Goodwin v. City of Louisville*, 215 S.W.2d 557, 559 (Ky. 1948).

female tenants, and telling them that Grider was committing tax fraud." He also does not address the circuit court's finding that KRS Chapter 13B is inapplicable to KCHR's determination of probable cause.

It is not the function or responsibility of this Court to make Grider's arguments for him. *See Harris v. Commonwealth*, 384 S.W.3d 117, 131 (Ky. 2012). We therefore decline to further address dismissal of Counts 1 and 2 of Grider's complaint.

Nevertheless, we agree with KCHR that Grider is free to challenge the merits of the charge of housing discrimination, as well as KCHR's delay in issuing its probable cause determination, in the administrative proceedings. In its brief to this Court, KCHR recognizes that it will need to defend the argument of impracticability and substantial prejudice to Grider due to "the extraordinary amount of time"[8] it took to issue the charge, in accordance with *Fincastle Heights*, 633 S.W.3d at 818.

Further, should Grider seek judicial review of the final administrative order pursuant to KRS 344.240, the circuit court will be required to look at three elements in order to determine if the agency's action was arbitrary: 1) whether the agency acted in the exercise of its statutory powers; 2) whether a party affected by an administrative order received procedural due process; and 3) whether the

---

[8] *See* Appellee's brief at page 12.

agency action is supported by substantial evidence. *Friends of Louisville Public Art, LLC v. Louisville/Jefferson Cnty. Metro Historic Landmarks and Preservation Districts Commission*, 671 S.W.3d 209, 213 (Ky. 2023) (citation omitted). In other words, through the administrative proceedings outlined in KRS Chapters 13B and 344, Grider has the opportunity to present his arguments related to due process violations (Counts 2 and 3) and lack of evidence (Count 1), with an opportunity for judicial review after entry of the final administrative order. *See* KRS 13B.140(1).

## CONCLUSION

For the foregoing reasons, the judgment of the Jefferson Circuit Court is affirmed.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| C. Thomas Hectus<br>Louisville, Kentucky | Colt C. Sells<br>Sana Abhari<br>Louisville, Kentucky |