Sherman HENSLEY, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 2010–CA–001489–MR.

Court of Appeals of Kentucky.

Nov. 10, 2011.

David M. Cross, Albany, KY, for appellant.

Jack Conway, Attorney General of Kentucky, Perry T. Ryan, Assistant Attorney General, Frankfort, KY, for appellee.

Before TAYLOR, Chief Judge; DIXON and LAMBERT, Judges.

*OPINION*

LAMBERT, Judge:

Sherman Hensley appeals from the July 19, 2010, order of the Clinton Circuit Court denying his motion to compel the Department of Corrections to recalculate his sentences of imprisonment. After careful review, we affirm the trial court's order.

This case involves six indictments, all of which resulted in unconditional guilty pleas. There were no trials and no evidence was presented, other than possible statements made by Hensley during his guilty pleas, which are not included in the record on appeal.

98–CR–00081—On October 20, 1998, the grand jury of the Clinton Circuit Court

indicted Hensley, charging him with trafficking in a controlled substance in the second degree (hydrocodone).

98–CR–00082—On October 21, 1998, the grand jury indicted Hensley, charging him with trafficking in a controlled substance in the first degree (cocaine).

98–CR–00091—On November 18, 1998, the grand jury indicted Hensley again, charging him with trafficking in a controlled substance in the first degree (cocaine).

99–CR–00015—On April 21, 1999, the grand jury again indicted Hensley, charging him with (1) burglary in the third degree; (2) receiving stolen property over $300.00; (3) theft by unlawful taking over $300.00; (4) receiving stolen property over $300.00; (5) burglary in the third degree; and (6) receiving stolen property over $300.00.

04–CR–00172—On November 1, 2004, the grand jury again indicted Hensley, charging him with trafficking in a Schedule I or II controlled substance (lysergic acid diethylamide, or phencyclidine) (first or subsequent offense).

04–CR–00173—On November 1, 2004, the grand jury again indicted Hensley, charging him with trafficking in a Schedule I or II narcotic (lysergic acid diethylamide, or phencyclidine) (second offense).

Pursuant to a plea agreement, on July 12, 1999, Hensley appeared before the Clinton Circuit Court and pled guilty to all counts in 98–CR–00081, 98–CR–00082, and 99–CR–00015. In exchange for the guilty pleas, the prosecutor recommended a sentence of imprisonment totaling fifteen years, to be probated for five years. In accordance with the plea agreement, the trial judge entered judgments of conviction on August 18, 1999. On August 25, 1999, the trial judge then entered an order of probation.

However, on June 6, 2000, the prosecutor filed a motion to revoke Hensley's probation, stating as grounds that Hensley had (1) failed to maintain his supervision fees; (2) failed to refrain from methamphetamine use; (3) failed to report to his probation officer; (4) failed to submit to urinalysis by diluting a urine sample; (5) failed to complete inpatient treatment; and failed to complete drug counseling. On June 19, 2000, the trial judge granted the motion and revoked Hensley's probation.

On March 6, 2002, the Kentucky Parole Board granted Hensley parole. While he was on parole, Hensley committed the offenses outlined in 04–CR–00172 and 04–CR–00173. Again, pursuant to a plea agreement, Hensley appeared before the Clinton Circuit Court on September 19, 2005, and pled guilty to the charges set forth in those indictments. In exchange for Hensley's guilty pleas, the prosecutor opposed probation but agreed to amend the charges from second offenses to first offenses and recommended a sentence of imprisonment of six years on each indictment, to be served consecutively. In accordance with this plea agreement, on October 17, 2005, the trial court entered judgment against Hensley, sentencing him to a total of twelve years of imprisonment. The judgments of conviction in 04–CR–00172 and 04–CR–00173 were silent as to whether the sentences would run concurrently or consecutively with the sentences for the previous four convictions.

On August 2, 2004, Hensley filed a "motion for concurrent sentencing pursuant to Kentucky Revised Statutes (KRS) 532.110 and 533.060." On August 4, 2004, the trial court denied the motion, holding that Hensley agreed to and requested the entry of the sentences, and thus there was no need to alter or modify the sentences imposed. The Court further held that Hens-

ley's reliance on *White v. Commonwealth,* 32 S.W.3d 83 (Ky.App.2000), was misplaced. Apparently, Hensley attempted to appeal this order, but the records of this Court do not indicate that an appeal was actually taken.

Thereafter, on July 12, 2010, Hensley filed a motion to compel the Department of Corrections to calculate his sentence in harmony with the judgments of the Clinton Circuit Court. The trial court denied the motion on July 19, 2010, noting that the Kentucky Department of Corrections had not been made a party to the motion. This appeal now follows.

■ On appeal, Hensley argues that this Court should convert his motion to compel calculation of his sentence into a motion to vacate a judgment under Kentucky Rules of Criminal Procedure (RCr) 11.42. Although acknowledging that his motion to compel did not include any arguments pertaining to ineffective assistance of counsel, Hensley asks this Court to consider whether his trial counsel was ineffective under RCr 10.26 for palpable error.

■ It is well settled law in Kentucky that an appellant is not permitted to present new theories on appeal. *See Commonwealth v. Duke,* 750 S.W.2d 432, 433 (Ky. 1988). Hensley presented his arguments that his sentence should be recalculated as a motion to compel the trial court to force the Department of Corrections to act. He cannot now argue on appeal that he received ineffective assistance of trial counsel or that his original request was in fact a motion to vacate judgment. The trial court has not ruled on either claim, and our review of any such claims would be impermissible. Furthermore, even if we were to somehow "convert" Hensley's motion to compel into an RCr 11.42 motion, the motion was not filed within the three-year limitation period as set forth in RCr 11.42(10) and was not verified as required by RCr 11.42(2).

■ When reviewing the trial court's denial of Hensley's motion to compel for error, we again agree with the Commonwealth that Hensley did not follow the proper procedure for inmates who raise sentence calculation questions. KRS 454.415 sets forth proper procedure for inmates who raise sentence calculation questions. Subsections (1) and (2) state that all administrative remedies must be exhausted. Nothing in Hensley's brief or the record indicates that he has filed an administrative complaint or appeal. KRS 454.415 specifically forbids inmates from bringing civil actions before exhausting the administrative remedies. Because the law provides for an administrative procedure, Hensley is required to raise his sentence calculation questions in accordance with the procedure provided by Kentucky law.

Notwithstanding Hensley's failure to follow administrative remedies, the argument he presented for concurrent rather than consecutive sentencing would patently violate KRS 533.060(2). That statute states as follows:

(2) When a person has been convicted of a felony and is committed to a correctional detention facility and released on parole or has been released by the court on probation, shock probation, or conditional discharge, and is convicted or *enters a plea of guilty to a felony committed while on parole,* probation, shock probation, or conditional discharge, the person shall not be eligible for probation, shock probation, or conditional discharge and the period of confinement for that felony shall not run concurrently with any other sentence.

(Emphasis added). Hensley does not dispute the fact that he was on parole when he committed the offenses in 04–CR–00172 and 04–CR–00173. Accordingly, the peri-

od of confinement for those felonies should not run concurrently with any of Hensley's other sentences.

Based on the foregoing, we find no error with the trial court's denial of Hensley's motion to compel. There is simply no authority that would permit this Court to convert Hensley's motion to compel into a motion to vacate his sentence or a motion arguing ineffective assistance of counsel under RCr 11.42. Accordingly, we affirm the trial court's order.

ALL CONCUR.