Michael THRASHER, Appellant

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2010–CA–001379–MR.

Court of Appeals of Kentucky.

Nov. 30, 2012.

Michael Thrasher, LaGrange, KY, Pro Se.

Brenn O. Combs, Department of Corrections, Frankfort, KY, for appellee.

Before NICKELL, TAYLOR, and VANMETER, Judges.

## OPINION

TAYLOR, Judge:

Michael Thrasher, *pro se*, appeals from a Franklin Circuit Court Order entered June 29, 2010, dismissing his petition for declaration of rights.[1] Because we agree with the circuit court that Thrasher failed to show that he exhausted his administrative remedies, we affirm.

The substantive aspect of Thrasher's appeal implicates two statutory revisions, one involving "street credit" and the other "good-time" credit, which we will summarize very briefly here.

In 2008, the Kentucky General Assembly enacted HB 406, which "drastically altered the law regarding whether time spent on parole would count toward a prisoner's unexpired sentence[.]" *Commonwealth ex rel. Conway v. Thompson*, 300 S.W.3d 152, 158 (Ky.2009). Part I, Section I(5)(c)(4)-(5) of HB 406 provides in pertinent part that:

[T]he period of time spent on parole shall count as a part of the prisoner's remaining unexpired sentence when it is used to determine a parolee's eligibility for a final discharge from parole ... or when a parolee is returned as a parole violator for a violation other than a new felony conviction.

*Id.* This so-called "street credit" provision "effectively suspended the existing statutory law that had provided that the period of time spent on parole would not count toward a prisoner's maximum sentence."

*Id.* In 2009, the Kentucky Supreme Court held that the General Assembly intended the "street credit" provision to be applied retroactively to reduce inmates' sentences. *Id.* at 170.

Prior to 2010, KRS 197.045(3) provided that "[a]n inmate may, at the discretion of the commissioner, be allowed a deduction from a sentence not to exceed five (5) days per month for performing exceptionally meritorious service[.]" The statute was amended by HB 564 to allow the commissioner to grant a deduction of up to seven days per month.

On February 17, 2010, Thrasher, who at that time was confined at the Green River Correctional Complex, made a verbal request for retroactive meritorious good time credit. Thrasher claimed that the principle of applying the "street credit" provision of HB 406 retroactively should also operate to gain him an additional two days of meritorious good time credit for every five days he had already earned. Thrasher argued that by failing to award him the additional time retroactively, the Department of Corrections was violating the Equal Protection Clause and depriving him of an early release.

The verbal request was denied. On February 21, 2010, Thrasher filed a grievance based on the same request. The response was an informal resolution which stated that: "Based on the fact House Bill 406 addressed only time an inmate is on parole, inmate Thrasher's point and action requested is moot. Inmate Thrasher has never been granted parole. House Bill 406 does not affect inmate Thrasher's sentence in any way."

Thrasher appealed to the prison Grievance Committee, which affirmed the infor-

---

1. This appeal was previously dismissed by this Court on January 4, 2011, for failure to name an indispensable party. On remand from the Kentucky Supreme Court, the case was re-docketed to be considered on the merits on January 12, 2012.

mal resolution. Thrasher then appealed to the Warden, who agreed with the Committee that "Thrasher does not appear to meet the criteria for HB 406 as he had never been on parole status." The Warden further found that Thrasher's claim was in any event non-grievable under Kentucky Department of Corrections Policy and Procedure (CPP) 14.6 and 17.4. Thrasher later received a memo stating that his grievance had been dismissed and could not be resubmitted.

Thrasher filed a petition for declaration of rights in the Franklin Circuit Court. The Department of Corrections moved to dismiss the petition, arguing that Thrasher had failed to exhaust his administrative remedies or otherwise attach proof of exhaustion of remedies to his complaint, as required under Kentucky Revised Statutes (KRS) 454.415(3). Thrasher responded with a pleading styled "Motion to Proceed," in which he asked for leniency as he was proceeding *pro se*, and attached documents evidencing the grievance procedure outlined above. The circuit court entered an order dismissing his petition for failure to comply with KRS 454.415. This appeal by Thrasher followed.

KRS 454.415 states in relevant part that

(1) No action shall be brought by or on behalf of an inmate, with respect to:

    (a) An inmate disciplinary proceeding;

    (b) Challenges to a sentence calculation;

    (c) Challenges to custody credit; or

    (d) A conditions-of-confinement issue;

until administrative remedies as set forth in the policies and procedures of the Department of Corrections, county jail, or other local or regional correctional facility are exhausted.

(2) Administrative remedies shall be exhausted even if the remedy the inmate seeks is unavailable.

(3) The inmate shall attach to any complaint filed documents verifying that administrative remedies have been exhausted.

(4) A court shall dismiss a civil action brought by an inmate for any of the reasons set out in subsection (1) of this section if the inmate has not exhausted administrative remedies[.]

CPP 14.6(C)(9) lists sentence calculation as a specific non-grievable issue. CPP 17.4 outlines the proper procedure an inmate must follow to request a review or explanation of the method of sentence calculation, including statutory good time credit. This procedure commences with a request to the Offender Information Services office at the institution where the inmate is presently confined. CPP 17.4(1)(A). An appeal from such a written review or explanation is to be directed to the Offender Information Services Branch in Frankfort, Kentucky. CPP 17.4(1)(C).

There is absolutely no evidence that Thrasher followed this procedure. Although Thrasher did submit an undated letter he received from the Department of Corrections Offender Information Services, apparently responding to a query regarding HB 406, no reference to good time credit or to Thrasher's particular case is made in that letter. Under these circumstances, the Franklin Circuit Court was bound by KRS 454.415(4) to dismiss the action.

For the foregoing reasons, the Order of the Franklin Circuit Court is affirmed.

ALL CONCUR.