RENDERED:  JANUARY 29, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1293-MR

LONNIE HARRIS                                                          APPELLANT


APPEAL FROM MUHLENBERG CIRCUIT COURT
v.                    HONORABLE BRIAN WIGGINS, JUDGE
ACTION NO. 19-CI-00202


JENNY ZIRKLEBACH, FELICIA HOWARD,
KEVIN MAZZA, KARL DOLL, JIM YATES,
AND GREG MOORE                                                          APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, JONES, AND K. THOMPSON, JUDGES.

JONES, JUDGE:  Lonnie Harris, *pro se*, appeals from the Muhlenberg Circuit

Court's order dismissing his civil complaint, entered July 30, 2019.  We affirm the

circuit court's order.

## BACKGROUND

Harris is an inmate currently serving a sentence with the Kentucky

Department of Corrections (the DOC).  The appellees are all employees of the

DOC at Green River Correctional Complex (Green River). Harris alleges that, on February 9, 2019, a defective door at a Green River dormitory slammed shut on his finger, causing him an injury which required seven stitches to repair.

Following this incident, Harris filed a grievance with the DOC and in the field marked "action requested" asked "that all doors be fixed now and in the future when doors get broken." (Record (R.) at 37.) The DOC's informal resolution to Harris's grievance was to notify the locksmith and implement a repair of the door. Harris was not satisfied with this resolution, and he elevated it through the prison administrative process. At each step, the administration agreed with Harris that the doors should be safe. Harris, however, argued the repairs were an insufficient response and wanted an admission by the DOC that the door had been broken for some time and "created an unsafe environment." (R. at 39.) Ultimately, the Adjustment Commissioner issued the following ruling:

> I have reviewed your grievance. As stated at all levels of the grievance, the locksmith inspected the door and made some adjustments to the door. The doors have been checked and all are functioning correctly. Therefore, it appears your action requested has been met. No further response necessary.

(R. at 39.)

On May 13, 2019, Harris filed a complaint against the appellees in their individual capacities, asserting they were aware of the defective door which caused his injury. Harris claimed the appellees' inaction violated his rights under

the Eighth Amendment of the United States Constitution. He also claimed that, if the incident did not amount to a violation of the Eighth Amendment, the appellees could "still be held liable in a state tort action." (R. at 7.) Harris then requested a jury trial on his damages, which he asserted amounted to $25,000.00. Notably, Harris's complaint asserts he "exhausted all administrative remedies available to him" (R. at 5), but he failed to attach documentation of his administrative exhaustion efforts to his complaint.

On July 29, 2019, the DOC moved to dismiss Harris's complaint. The circuit court granted the motion the next day, stating in its order that Harris had failed to state a claim under the Eighth Amendment, and he had failed to attach "filed documents verifying that administrative remedies have been exhausted" (R. at 28), which is required under Kentucky Revised Statute (KRS) 454.415. Harris responded to the order in a series of motions, including one motion opposing the DOC's motion to dismiss, another motion asking the circuit court to reconsider the order dismissing his case, and a third motion asking for leave to amend his complaint to include evidence of exhausted administrative remedies. Harris also included a memorandum of facts and law in his case, to which he attached documentation of the administrative actions as noted above. On August 8, 2019, the circuit court denied all of Harris's motions filed subsequent to its order

dismissing the case, reasserting that Harris failed to state an Eighth Amendment claim. This appeal followed.

## ANALYSIS

Harris's brief presents several arguments asserting the circuit court erred in his case. First, he argues the circuit court erroneously found his complaint did not contain an Eighth Amendment claim. Second, Harris argues the circuit court erroneously denied his motion to reconsider and should have permitted him enough time to respond to the motion to dismiss. Third, Harris argues the circuit court erroneously denied his motion to amend his complaint after granting the motion to dismiss. Fourth, and finally, Harris argues the circuit court erroneously declined to consider his state tort claim.

After some consideration, we must agree with the circuit court that Harris's case required dismissal because his complaint failed to prove exhaustion of administrative remedies. In KRS 454.415(1), the General Assembly provided the following:

> No action shall be brought by or on behalf of an inmate, with respect to . . . [a] conditions-of-confinement issue[] until administrative remedies as set forth in the policies and procedures of the Department of Corrections, county jail, or other local or regional correctional facility are exhausted.

Furthermore, the statute uses mandatory language requiring an inmate to attach documents showing exhaustion of administrative remedies and requiring the circuit

court to dismiss a complaint if an inmate fails to exhaust administrative remedies. KRS 454.415(3)-(4).

In his brief, Harris admits he neglected to attach documents proving exhaustion of administrative remedies. Nonetheless, he argues he should have been given the opportunity to amend his complaint after the circuit court dismissed the suit. We considered a similar issue in *Thrasher v. Commonwealth*, 386 S.W.3d 132 (Ky. App. 2012). In *Thrasher*, the appellant failed to attach exhaustion documents to his complaint but argued for leniency, as he was proceeding as a *pro se* litigant. *Id*. at 134. He then proffered documents from his grievance proceeding to the circuit court. Despite these efforts, the circuit court dismissed the suit for failure to comply with KRS 454.415. *Id*. We affirmed the circuit court because even the belated documentation proffered by the appellant did not show how the appellant followed the relevant sections of the Kentucky Department of Corrections Policies and Procedures (CPP). *Id*.

The circumstances in this case are similar to those in *Thrasher*. Pursuant to CPP 14.5(II)(A)1, an inmate who "believes that he has suffered a loss or injury to his person or property as a result of negligence on the part of Corrections or its employee or agent . . . may file a claim with the Claims Commission." CPP 14.5(I) explains that the "Claims Commission" is "the entity established in KRS 49.010 that has the authority to address negligence claims

against the Commonwealth and its agencies pursuant to KRS 49.020(1)." None of Harris's documents purporting to show administrative exhaustion shows a claim presented to the Claims Commission.

Furthermore, it is striking that none of Harris's grievances to prison administration actually presents an Eighth Amendment argument or a claim for personal injury. Instead, Harris's requested action was for Green River to repair the dormitory door—an action which Green River repeatedly agreed to take. When an inmate fails to argue grounds in his administrative proceedings, he is precluded from subsequently presenting those grounds to the circuit court. "The failure to raise an issue before an administrative body precludes a litigant from asserting that issue in an action for judicial review of the agency's action." *O'Dea v. Clark*, 883 S.W.2d 888, 892 (Ky. App. 1994). The circuit court did not err in dismissing this case under KRS 454.415.

## CONCLUSION

For the foregoing reasons, we affirm the Muhlenberg Circuit Court's order dismissing Harris's complaint.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEES: |
|---|---|
| Lonnie Harris, *pro se* | Kristin Wehking |
| La Grange, Kentucky | Frankfort, Kentucky |