RENDERED: SEPTEMBER 24, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1249-MR

ANTRIGUS WEST                                                                          APPELLANT


APPEAL FROM BOYLE CIRCUIT COURT
v.           HONORABLE DARREN W. PECKLER, JUDGE
ACTION NO. 20-CI-00127


BRAD ADAMS                                                                              APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, GOODWINE, AND LAMBERT, JUDGES.

GOODWINE, JUDGE: Antrigus West ("West") appeals *pro se* from an order of

the Boyle Circuit Court denying his petition for declaration of rights. Because

West failed to show he exhausted his administrative remedies, we affirm.

According to the circuit court's order: "[West], while an inmate at

Northpoint Training Center, was charged with physical action against an

employee. Following a disciplinary hearing, he was found guilty and assessed a

thirty (30) day term in segregation with fifteen (15) days suspended and ninety (90) days of non-restorable good time credit." Record (R.) at 31.

West then filed a petition for declaration of rights in the circuit court "alleging claims of insufficient evidence and violations of his due process rights." *Id*. He failed to attach any documents to his petition verifying he exhausted his administrative remedies by appealing to the Warden. Respondents moved to dismiss the petition, arguing West failed to show he exhausted administrative remedies as required by KRS 454.415(3). West responded asserting he attached the appropriate documentation to his complaint. The circuit court found West failed to attach to his complaint proof he had exhausted his administrative remedies and dismissed West's petition for failure to comply with KRS 454.415. This appeal followed.

West names only Warden Brad Adams ("Adams") in the notice of appeal. "He failed to name . . . the Department of Corrections as an indispensable party, which warrants dismissal of this appeal under *Watkins v. Fannin*, 278 S.W.3d 637, 640 (Ky. App. 2009)." *Woods v. Commonwealth*, 599 S.W.3d 894, 895-96 (Ky. App. 2020).

However, in his circuit court petition, West named as parties the Warden, Chairman Adjustment Officer, Report Officer, Investigating Officer, and Northpoint Training Center. He served each of them through the Justice and

Public Safety Cabinet, and they were all represented by the Cabinet's Office of Legal Services. According to the "Clerk's Certificate of Service" a copy of the notice of appeal was hand-delivered to "Angela Turner Dunham, Justice and Public Safety Cabinet." R. at 49.

In *Thrasher v. Commonwealth*, 386 S.W.3d 132 (Ky. App. 2012), the petitioner "named only the Commonwealth of Kentucky in the notice of appeal but served the Department through its legal counsel. His appeal was initially dismissed for failure to name an indispensable party. The Kentucky Supreme Court vacated the order and remanded for consideration in light of *Lassiter*.[1] *Id*. at 133 n.1." *Woods*, 599 S.W.3d at 896. On remand, this Court affirmed the circuit court because Thrasher "failed to exhaust his administrative remedies or otherwise attach proof of exhaustion of remedies to his complaint[.]" *Thrasher*, 386 S.W.3d at 134.

Based on *Thrasher,* we consider the merits of West's argument on appeal, which fails because he failed to attach documentation to his complaint verifying he exhausted his administrative remedies. KRS 454.415 provides in pertinent part:

> (1) No action shall be brought by or on behalf of an inmate, with respect to:
>
> (a) An inmate disciplinary proceeding;

---

[1] *Lassiter v. American Express Travel Related Services Co.*, 308 S.W.3d 714, 719 (Ky. 2010).

(b) Challenges to a sentence calculation;

(c) Challenges to custody credit; or

(d) A conditions-of-confinement issue;

until administrative remedies as set forth in the policies and procedures of the Department of Corrections, county jail, or other local or regional correctional facility are exhausted.

(2) Administrative remedies shall be exhausted even if the remedy the inmate seeks is unavailable.

(3) The inmate shall attach to any complaint filed documents verifying that administrative remedies have been exhausted.

(4) A court shall dismiss a civil action brought by an inmate for any of the reasons set out in subsection (1) of this section if the inmate has not exhausted administrative remedies, and may include as part of its order an assessment of court costs against the inmate as the court may deem reasonable and prudent. The correctional facility may enforce this assessment against the inmate's canteen account and against any other assets of the inmate through any other mechanism provided by law.

On appeal, West argues he attached to his complaint the Warden's review of his appeal verifying he exhausted his administrative remedies and also attached this documentation to his response to the motion to dismiss. However, based on our review, the record does not contain the Warden's review of West's appeal or any other documentation showing he exhausted his administrative

remedies. "KRS 454.415(3) requires an inmate to prove exhaustion by 'attach[ing] to any complaint filed documents verifying that administrative remedies have been exhausted.' The penalty for failing to comply with administrative remedies is dismissal of the action." *Woods*, 599 S.W.3d at 897. As such, the circuit court correctly dismissed West's petition for failure to comply with KRS 454.415.

For the foregoing reasons, we affirm the judgment of the Boyle Circuit Court.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Antrigus West, *pro se* <br> Burgin, Kentucky | Angela T. Dunham <br> Frankfort, Kentucky |