RENDERED:  DECEMBER 9, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0114-MR

BERNIE PAYNE　　　　　　　　　　　　　　　　　　　　APPELLANT

v.　　　　APPEAL FROM MUHLENBERG CIRCUIT COURT
HONORABLE BRIAN WIGGINS, JUDGE
ACTION NO. 17-CR-00213

COMMONWEALTH OF KENTUCKY　　　　　　　　　　　　　APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, JONES, AND MAZE, JUDGES.

CETRULO, JUDGE:  The Muhlenberg Circuit Court denied the post-conviction motion of Bernie Payne seeking to withdraw his guilty plea or, alternatively, compel the Department of Corrections to recalculate his parole eligibility date. Payne now appeals.  Upon review, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2003, and in a separate underlying matter, a jury of the Hickman Circuit Court convicted Payne of four counts of rape in the first degree. (Indictment No. 02-CR-00038). The facts that led to Payne's 2003 rape convictions were set forth in a separate opinion of this Court, which affirmed an order denying Payne's motion to vacate his judgment pursuant to RCr[1] 11.42. *See Payne v. Commonwealth*, No. 2005-CA-1547-MR, 2007 WL 1378514 (Ky. App. May 11, 2007). He was sentenced to imprisonment for a total of 30 years. *Id.* at *1. In 2017, while serving his 2003 sentence at the Green River Correctional Complex, Payne then violently assaulted another inmate, which led to his subsequent indictment in the Muhlenberg Circuit Court (Case No. 17-CR-00213) for Count 1 – assault in the second degree; Count 2 – promoting contraband; and, Count 3 – persistent felony offender in the second degree.

In exchange for Payne's guilty pleas, the Commonwealth agreed to reduce Count 1 to assault in the second degree under extreme emotional disturbance; dismiss Count 2; and, recommend a total sentence of imprisonment of seven years under the PFO charge, to be served consecutively with his prior sentence of imprisonment. On February 12, 2018, Payne appeared before the Muhlenberg Circuit Court and pled guilty in accordance with the plea agreement.

---

[1] Kentucky Rule of Criminal Procedure.

On February 14, 2018, adhering to the plea agreement, the circuit court sentenced Payne to imprisonment for a total of seven years, "to be served consecutively with the sentence currently being served."

Following Payne's conviction in 02-CR-00038, and before Payne pled guilty in 17-CR-00213, the Department of Corrections had set Payne's parole eligibility date at "October, 2022."[2] However, as a consequence of Payne's guilty plea in 17-CR-00213, the Department of Corrections revised his parole eligibility date to March 19, 2024. The revision was set forth in a "release" document from the Department of Corrections, filed of record on February 22, 2018.

That revision is Payne's focus in this appeal. On January 10, 2022, Payne filed a motion in the Muhlenberg Circuit Court under the auspices of RCr 10.26 and CR[3] 60.03, in which he asked the circuit court to "issue an order to the Department of Corrections to place the defendant's parole date back to the date of 2022 as guaranteed in his binding contract with this honorable Court, or in the alternative, allow the petitioner to recant his plea agreement[.]" In support, he argued he had accepted the plea agreement in 17-CR-00213 because he had been "instructed by his counsel that his parole eligibility would not in any manner

_____

[2] A September 14, 2017 "Department of Corrections Resident Record Card," which Payne filed as an exhibit below, provided that "October, 2022" was Payne's parole eligibility date.

[3] Kentucky Rule of Civil Procedure.

change[.]" He reasoned, therefore, that one of two things had occurred: either his trial counsel had misadvised him regarding the plea agreement, thereby providing him ineffective assistance; or, the Department of Corrections had improperly disregarded what he believed were the terms of his plea agreement, and had consequently miscalculated his parole eligibility date.

Upon consideration, the circuit court denied Payne's motion as untimely and procedurally barred. In its January 12, 2022 order to that effect, the circuit court explained in relevant part:

> This matter is before the Court on motion for relief pursuant to CR 60.03. The Court has reviewed said motion and the record and is now sufficiently advised. The Court does ADJUDGE and ORDER:
>
> 1. Contrary to the Defendant's assertion, his present motion does not constitute an independent action of the type contemplated in CR 60.02[4]. Moreover, as the final judgment herein was entered on February 14, 2018, the Defendant's motion is, in any event, untimely.
>
> 2. Furthermore, the Defendant's primary argument concerns how the Department of Corrections has calculated his parole eligibility date, for he states at p.2 of his motion, "The Department of Corrections changed and/or altered his judicial plea agreement and added two more years to his parole date . . . ." The Defendant is required to exhaust his administrative remedies before bringing the matter before the Court, and he must attach documents verifying that he has done so. Hensley v.

---

[4] In light of how the circuit court prefaced its January 12, 2022 order, its reference to "60.02," as opposed to 60.03 – which contemplates "independent actions" – is an apparent typo.

<u>Commonwealth</u>, 355 S.W.3d 473, 475 (Ky. App. 2011). The Defendant has failed in this regard.

This appeal followed.

## ANALYSIS

On appeal, Payne reasserts the arguments he made below, but entirely ignores *why* the circuit court denied his motion. To be clear, Payne's arguments were, as the circuit court concluded, untimely and procedurally barred. As an aside, the circuit court's dispositive order did not mention one of the two rules through which Payne sought post-conviction relief, *i.e.*, RCr 10.26. But, RCr 10.26 is merely a standard of review for certain egregious trial errors; it is not a procedural mechanism that permits the filing of any kind of motion.[5]

As for the other procedural basis of Payne's motion, CR 60.03, we begin by reiterating the well-established criteria for obtaining relief pursuant to that rule:

> Civil Rule 60.03 permits an independent action for relief from a judgment "on appropriate equitable grounds." However, "[r]elief shall not be granted in an independent action if the ground of relief sought has been denied in a proceeding by motion under Rule 60.02 . . . ." CR 60.03.

---

[5] In full, RCr 10.26 provides:

> A palpable error which affects the substantial rights of a party may be considered by the court on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error.

-5-

> Generally, claimants seeking equitable relief
> through independent actions must meet three
> requirements. Claimants must (1) show that
> they have no other available or adequate
> remedy; (2) *demonstrate that movants' own*
> *fault, neglect, or carelessness did not create*
> *the situation for which they seek equitable*
> *relief*; and (3) establish a recognized ground
> – such as fraud, accident, or mistake – for
> the equitable relief.
>
> *Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.*, 117
> F.3d 655, 662 (2nd Cir. 1997) (emphasis added).
> Further, an independent action for equitable relief from a
> judgment is unavailable if the complaining party has, or
> by exercising proper diligence would have had, an
> adequate remedy in the original proceedings.

*Bowling v. Commonwealth*, 163 S.W.3d 361, 365 (Ky. 2005), *abrogated on other grounds by Woodall v. Commonwealth*, 563 S.W.3d 1 (Ky. 2018).

More recently, the Supreme Court of Kentucky emphasized that CR 60.03 "is intended as an equitable form of relief when no other avenue exists." *Meece v. Commonwealth*, 529 S.W.3d 281, 295 (Ky. 2017) (emphasis added). *Meece* also clarifies that that the question of a defendant's entitlement to extraordinary post-conviction relief "is a matter left to the 'sound discretion of the court and the exercise of that discretion will not be disturbed on appeal except for abuse.'" *Id.* at 285 (quoting *Brown v. Commonwealth*, 932 S.W.2d 359, 362 (Ky. 1996)). The familiar "test for abuse of discretion is whether the trial judge's

decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014).

Applying these criteria to the issues Payne advances on appeal, we find no abuse of discretion in the decision of the circuit court. At the very least, Payne failed to establish that he had no other available or adequate avenue of relief; or that his need for equitable relief was not a product of his own fault or neglect. Specifically, to the extent Payne maintains that his counsel misadvised him regarding his plea agreement in 17-CR-00213, the "independent action" of CR 60.03 is not a vehicle for asserting ineffective assistance of counsel. Rather, a motion filed pursuant to RCr 11.42 is the only proper method of asserting such a claim as a means of collaterally attacking a final judgment. *See Gross v. Commonwealth*, 648 S.W.2d 853, 856-57 (Ky. 1983).

Furthermore, due to his own neglect, Payne no longer has that remedy available to him. Indeed, even if we could construe Payne's CR 60.03 motion as an RCr 11.42 motion, he was required to file it "within three years after the judgment becomes final, unless the motion alleges and the movant proves . . . that the facts upon which the claim is predicated were unknown to the movant and could not have been ascertained by the exercise of due diligence . . . ." RCr 11.42(10)(a). Payne's claim of ineffective assistance of counsel could have been ascertained within the three-year limitation period prescribed by the rule;

consequently, he should have been aware of the alleged error and raised it in a timely manner pursuant to RCr 11.42. Here, Payne filed his motion on January 10, 2022, almost four years after his conviction at issue became final. As the circuit court correctly held, his motion was therefore untimely under any applicable standard.

Inasmuch as Payne contends the Department of Corrections improperly disregarded what he believed were the terms of his plea agreement and consequently miscalculated his parole eligibility date, Payne also fails to establish that he had no other available or adequate avenue of relief or, as the circuit court stated, that he exhausted his administrative remedies before bringing this matter. As explained in *Hensley*, 355 S.W.3d at 475, "KRS[6] 454.415 sets forth proper procedure for inmates who raise sentence calculation questions. Subsections (1) and (2) state that all administrative remedies must be exhausted." Here, nothing in Payne's brief or the record indicates that Payne has filed an administrative complaint or appeal; and "KRS 454.415 specifically forbids inmates from bringing civil actions before exhausting the administrative remedies. Because the law provides for an administrative procedure, [Payne] is required to raise his sentence calculation questions in accordance with the procedure provided by Kentucky

---

[6] Kentucky Revised Statute.

-8-

law." *Id.* Accordingly, this additional aspect of the circuit court's order was likewise correct.

## CONCLUSION

The Muhlenberg Circuit Court committed no error in denying Payne's post-conviction motion. We therefore AFFIRM.


ALL CONCUR.


| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Bernie Payne, *pro se*<br>LaGrange, Kentucky | Daniel Cameron<br>Attorney General of Kentucky |
|  | Perry T. Ryan<br>Assistant Attorney General<br>Frankfort, Kentucky |