RENDERED: JUNE 2, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1056-MR

JAMES LANG                                           APPELLANT

                     APPEAL FROM OLDHAM CIRCUIT COURT
v.                    HONORABLE JERRY CROSBY, II, JUDGE
                       ACTION NO. 21-CI-00595

ANDREW GRAHAM BESHEAR,
GOVERNOR; CHARLES WARD,
INSPECTOR, OLDHAM COUNTY
HEALTH DEPARTMENT;
COMMONWEALTH OF KENTUCKY;
ERIC FREIDLANDER, SECRETARY
OF THE CABINET FOR HEALTH
AND FAMILY SERVICES;
JOHN/JANE DOE, BRANCH
MANAGER, ENVIRONMENTAL
MANAGEMENT BRANCH;
JOHN/JANE DOE, DIRECTOR OF
THE DIVISION OF PUBLIC HEALTH
AND SAFETY; JOHN/JANE DOES,
MEMBERS OF THE OLDHAM
COUNTY BOARD OF HEALTH;
STEVEN STACK, COMMISSIONER
OF THE DEPARTMENT OF PUBLIC
HEALTH; AND TERESA GAMSKY,
DIRECTOR, OLDHAM COUNTY
HEALTH DEPARTMENT

                                                APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, CALDWELL, AND CETRULO, JUDGES.

CETRULO, JUDGE: This is an appeal by an inmate at the Roederer Correctional Complex ("RCC") from an Order dismissing numerous claims against various individuals employed by the Commonwealth of Kentucky. While the complaints are extensive, in a nutshell, the Appellant, James Lang ("Lang") alleges that the conditions at the prison did not meet legal requirements and that these conditions resulted in him contracting COVID-19; that all named defendants are negligent *per se*, as well as criminally liable for "official misconduct"; and that he is entitled to monetary damages. For reasons set forth below, we affirm the Order of the Oldham Circuit Court.

      While it is difficult to discern exactly what Mr. Lang is arguing in his brief, his complaint was focused on a claim of overcrowding at RCC, which he alleged resulted in him contracting COVID-19. He alleged in the complaint that authorities charged with inspecting confinement facilities in Kentucky had failed in their duty to ensure compliance with various statutes and regulations. He further alleged that certain defendants falsified official documents and/or failed to inspect the conditions of his confinement and did not accurately compute the square footage within the prison to determine the number of prisoners that could be

-2-

legally housed therein. Finally, Lang further alleged that he had exhausted all administrative remedies available to him, a statement which all defendants below have contested. All defendants below moved for dismissal on the pleadings, on several grounds, many of which were applicable.[1] However, the Oldham Circuit Court clearly considered all of the pleadings and briefs, and outlined the statutes relied upon by Lang, before writing a detailed Opinion and Order dismissing all claims on the basis that Lang had failed to exhaust administrative remedies.

Our review of an Order dismissing a claim under Kentucky Rule of Civil Procedure ("CR") 12.02 is *de novo*. "Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination . . . ." *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010). The problem for Lang is that Kentucky law is clear that inmates can only bring lawsuits regarding the "conditions of their confinement" once they have exhausted their administrative remedies. Kentucky Revised Statute ("KRS") 454.415(1). In reviewing the complaint itself, it is equally clear that this suit was over a healthcare concern and, as such, a "condition of his confinement." We thus incorporate a section of the trial court's well-

---

[1] Many of the claims herein would also be barred as a matter of law by sovereign or qualified immunity. *See Yanero v. Davis*, 65 S.W.3d 510 (Ky. 2001). However, the trial court did not proceed to those defenses, finding that Lang had failed to exhaust administrative remedies depriving it of jurisdiction to hear the claims. Thus, we do not address those defenses herein either.

reasoned opinion for a discussion of this statute and the law on exhaustion of

remedies:

> The Kentucky Department of Corrections Policies and Procedures 14.6 governs grievances within the prison system in Kentucky. Specifically, 14.6(II)(B) outlines what is considered to be a grievable issue within DOC. Further, KRS 454.415(1)(d) *supra* specifically states that an inmate may not bring a civil action on a conditions of confinement issue without first exhausting his administrative remedies. See Houston v. Fletcher, Ky.App., 193 S.W.3d 276, 278 (2006) (finding no entitlement to appellate review of claims where inmate did not establish exhaustion of administrative remedies under the same language in a previous version of KRS 454.415). See also Hensley v. Commonwealth, Ky.App., 355 S.W.3d 473, 475 (2011) ("KRS 454.415 sets forth proper procedure for inmates who raise sentence calculation questions. Subsections (1) and (2) state that all administrative remedies must be exhausted. Nothing in Hensley's brief or the record indicates that he has filed an administrative complaint or appeal. KRS 454.415 specifically forbids inmates from bringing civil actions before exhausting the administrative remedies.") . . . .

> There is no denying that this case involves a conditions of confinement issue. Plaintiff is asserting that due to the prison overcrowding and the state's failure to comply with the requirements of adequate spacing, he was infected with the COVID virus. He may couch it in other terms but at its core, this is the issue. Plaintiff contends he exhausted his administrative remedies by writing to various individuals in the state addressing this issue. Plaintiff asserts he couldn't file a grievance as there was no mechanism in place to challenge the inspector's report. However, KRS 454.415(2) notes that an inmate must still exhaust his administrative remedies even if the remedy the inmate seeks is unavailable.

During the course of the COVID pandemic, many inmates filed CR 60.02 motions requesting relief from their sentence. Many of these inmates were at higher risk than the average individual due to underlying health concerns. However, these requests were denied as the Courts agreed this was not an issue that could be addressed through an inmate's underlying criminal case. Instead, the Courts noted this was a condition of confinement issue that should be addressed through a civil proceeding. *See* Merriweather v. Commonwealth, No. 2020-CA-1182-MR, 2021 WL 5977912, at *2 (Ky.App. Dec. 17, 2021) ("When conditions of confinement are at issue, like they are here, the proper venue is for the prisoner to pursue his claims through the grievance system. *See* KRS 454.415. If the prisoner still has concerns after fully exhausting his administrative remedies, he may file a civil action against the warden pursuant to KRS 418.040. A civil, conditions-of-confinement suit is the appropriate way for Merriweather to raise his constitutional challenges"); Williams v. Commonwealth, Nos. 2019-CA-0964-MR and 2020-CA-0638-MR, 2021 WL 943753, at *3 (Ky. App. Mar. 12, 2021) ("Conditions of confinement claims are civil in nature; as such, the sentencing court is not the proper forum to address them.").

In addition, it does not matter that the grievance process could not result in monetary damages, as pursuant to KRS 454.415(2) "[a]dministrative remedies shall be exhausted even if the remedy the inmate seeks is unavailable." *See* Pearson v. Correct Care Solutions, NO. 2019-CA-1565-MR, 2022 WL 2080253 at *2 (Ky. App. June 10, 2022).

When conditions of confinement are at issue, like they are here, the proper avenue is for the prisoner to pursue his claims through the prison grievance system. See KRS 1 454.415. If the prisoner still has concerns after fully exhausting his administrative remedies, he may file a civil action against the warden pursuant to KRS 418.040.

> Where an administrative remedy is provided by the statute, relief must be sought from the administrative body and this remedy exhausted before the courts will take hold. Ordinarily the exhaustion of that remedy is a jurisdictional prerequisite to resort to the courts. <u>Goodwin v. City of Louisville</u>, 309 Ky. 11, 14, 215 S.W.2d 557, 559 (1948) *citing* <u>Martin v. Board of Council of City of Danville</u>, 275 Ky. 142, 120 S.W.2d 761, 762 (1938).

> As noted above, exhaustion of administrative remedies is a condition precedent to this Court obtaining jurisdiction over Plaintiff's civil claim. As Plaintiff failed to exhaust his administrative remedies, this Court has no jurisdiction. . . .

(Footnote omitted.)

Lang argues on appeal that one is not required to exhaust administrative remedies when to do so would be an "exercise in futility." He relies upon *Harrison's Sanitarium, Inc. v Commonwealth, Department of Health*, 417 S.W.2d 137 (Ky. 1967), for his position that it would be futile to require him to pursue remedies against the agencies and employees who all (with the exception of Governor Beshear) essentially are required to answer to the Cabinet for Health and Family Services.

We have reviewed *Harrison's Sanitarium*. Lang has simply misstated the holding of that case, and it is not applicable to the case at bar. As the trial court noted, exhaustion of administrative remedies is generally required prior to turning to the courts for relief. *Kentucky State Police v. Scott*, 529 S.W.3d 711, 716 (Ky. 2017). *Popplewell's Alligator Dock No. 1, Inc. v. Revenue Cabinet*, 133 S.W.3d

-6-

456, 471 (Ky. 2004). Compliance with KRS 454.415 is mandatory. *Thrasher v. Commonwealth*, 386 S.W.3d 132, 134 (Ky. App. 2012). While there are limited exceptions to that requirement, the purpose of exhaustion requirements is to prevent inappropriate judicial oversight into administrative agencies charged with applying and enforcing regulations and statutes. *Id.*

In *Harrison's Sanitarium*, a party challenged the validity and constitutionality of a particular statute on undisputed facts. Here, Lang was actually seeking "enforcement" of statutes and regulations related to the conditions of his confinement, and the allegations and relief he sought were very much in dispute. Lang sought monetary damages, as well as injunctive relief to require "re-inspection" of all Kentucky prisons. None of these issues can be reviewed judicially without exhaustion of administrative remedies. He cannot sidestep the requirement of pursuit of administrative remedies simply because he believes he would not prevail in that forum. When none of the limited exceptions apply, then the courts are deprived of subject matter jurisdiction. The trial court properly followed the law of this Commonwealth and dismissed the claims in their entirety. The ruling is hereby affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

James Lang, *pro se*
LaGrange, Kentucky

BRIEF FOR APPELLEE
GOVERNOR BESHEAR:

S. Travis Mayo
Laura C. Tipton
Frankfort, Kentucky

BRIEF FOR APPELLEES
OLDHAM COUNTY BOARD OF
HEALTH; OLDHAM COUNTY
HEALTH DEPARTMENT; MATT
RHOADES; CHARLES WARD;
AND JOHN/JANE DOE MEMBERS
OF THE OLDHAM COUNTY
BOARD OF HEALTH:

Carol S. Petitt
Matthew R. Bastin
Pewee Valley, Kentucky

BRIEF FOR APPELLEE
COMMONWEALTH OF
KENTUCKY:

Matthew F. Kuhn
Michael R. Wajda
Assistant Attorneys General
Frankfort, Kentucky

BRIEF FOR APPELLEE
CABINET FOR HEALTH AND
FAMILY SERVICES:

Marian B. Hogan
Frankfort, Kentucky